UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| Fraserside IP, LLC, )<br>    Plaintiff, )<br>v. )<br> )<br>Youngtek Solutions, Limited, d/b/a )<br>Empflix, d/b/a www.empflix.com, dba )<br>TNAFlix.com and www.tnaflix.com, )<br>John Does 1-100 and John Doe )<br>Companies 1-100, )<br>    Defendants. )<br> ) | Docket No. 11-CV-03005-MWB |

## AFFIDAVIT OF ARJAN WIJNVEEN

Arjan Wijnveen, being duly sworn, does hereby depose and state:

1. My name is Arjan Wijnveen. Unless otherwise stated, I make this affidavit of my own personal knowledge.

2. I am the Managing Partner of Youngtek Solutions, Ltd. ("Youngtek").

3. Youngtek has no offices in Iowa, no telephone number in Iowa, no employees in Iowa, and no agent for service of process in Iowa.

4. Youngtek does not advertise in Iowa.

5. To the best of my knowledge, no Youngek officer or director has ever visited Iowa.

6. I am informed that copies of the Summons and Complaint were served on Attorney Oleg Cross on or about March 30, 2011. Mr. Cross has not been engaged to represent Youngtek in this matter and was not authorized to accept service on behalf of Youngtek.

7. I am informed that copies of the Summons and Complaint were served on Attorney Valentin Gurvits on or about April 4, 2011. Mr. Gurvits had not – at that point in time - been engaged to represent Youngtek in this matter and Mr. Gurvits was not authorized to accept service on behalf of Youngtek.

8. I have been informed that, on or about April 13, 2011, an individual named Tassos Kontos served a copy of the summons and complaint on Youngtek's agent for process in Cyprus. I am also informed that the complaint was not served through the Central Authority, nor was it translated into Greek.

9. Youngtek's agent did not sign for the papers which were delivered – instead they were simply left on the desk in Youngtek's Cyprus office.

10. Although Youngtek does have an office in Cyprus, none of its management is located there.

11. When the complaint and summons were left with Youngtek's agent in Cyprus, he did not immediately understand the import of such papers, given that they were not accompanied by a Greek translation.

12. Eventually, the Cyprus office mailed the hard copies of the papers to Youngtek's management. This process took a couple of weeks.

13. Upon receipt, Youngtek consulted with its European counsel and was advised that the papers had not been properly served.

14. Nevertheless, Youngtek contacted Attorney Valentin Gurvits to begin the process of retaining him to represent them in this matter, under the assumption that – at some point – proper service might be made.

2

15. Despite the fact that we have never been properly served, Youngtek has been diligently attempting to secure counsel in the United States and in Iowa to represent our interests in this matter.

16. Youngtek has an agent for the service of takedown notices, pursuant to the Digital Millennium Copyright Act ("DMCA"). I am informed that our DMCA agent has never received any takedown notices from the plaintiff Frasierside.

17. Although I am told that the following is not relevant to Youngtek's motion to set aside the default, I want to make clear that Youngtek disputes each of the allegations put forth in Frasierside's complaint and its motion for a default judgment. Youngtek has been a leader in fighting copyright infringement, has numerous safeguards in place to prevent such infringement, and actively takes steps to prevent such infringement. We find Frasierside's allegations to the contrary to be insulting and we intend to defend the present litigation to the fullest.

Signed under the pains and penalties of perjury this 17 day of June, 2011.

Arjan Wijnveen, Managing Partner,
Youngtek Solutions, Ltd.