# UNITED STATES DISTRICT COURT
# IN AND FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| FRASERSIDE IP LLC, An Iowa Limited Liability Company<br><br>Plaintiff,<br><br>vs.<br><br>Youngtek Solutions Limited, dba EmpFlix, dba empflix.com, dba , TnaFlix, dba tnaflix.com, and John Does 1 - 100 and John Doe Companies 1 - 100<br><br>Defendant(s). | No. 3:11-cv-03005-MWB<br><br>**RESISTANCE TO MOTION TO SET ASIDE DEFAULT**<br><br>Oral Argument Requested |

COMES NOW, Plaintiff Fraserside IP LLC, by and through its counsel, Chad Belville, and RESISTS Defendant's Motion to Set Aside Default Judgment in its entirety. In support of it Resistance to Motion, Plaintiff provides the attached Brief, Declaration and Attachments. Oral argument is requested.

TABLE OF CONTENTS

Resistance to Motion to Set Aside Default                                    1

Table of Authorities                                                          3

Brief in Support of Resistance                                                5

    Introduction                                          5

    Defendants Motion is Improper                          6

    Plaintiff Resists Motion to Set Aside Default Judgment 7

        A. The Standard to Set Aside Default   7

        B. Defendants' Conduct is not Excusable Neglect   11

        C. Defendants' Motion Contains Misleading Citation   13

        D. Defendants' Claimed Defenses do not rise to Strong Defense Standard   13

            1. Defendants' Claim of No Jurisdiction   13

            2. Defendant Claims Protection Under Safe Harbor Provision of Digital Millennium Copyright Act   14

            3. Defendant's Motion Contains Untrue Allegations Stated as Fact   14

        E. Plaintiff will suffer Prejudice if the Default is Set Aside   15

        F. Summary   16

Conclusion                                                                   16

# Cases

*Chemetron Corp. v. Jones,* 72 F.3d 341 (3d Cir.1995) ………………………………..6, 7

*Pioneer Investment Services v. Brunswick Assoc. Ltd.,* 507 U.S. 380 (1993)…………….7, 9

*Marshall v. Monroe & Sons, Inc.,* 615 F.2d 1156 (6th Cir.1980)……………..………….7, 9

*Jackson v. Beech* , 205 U.S.App.D.C. 84, 89, 636 F.2d 831 (1980), ………………...….8

*Keegel v. Key West & Carribbean Trading Co*., supra note 33, 200 U.S.App.D.C. at 321, 627 F.2d at 374 …………………………………………………………………………..8

*Chrysler Credit Corp. v. Macino*, 710 F.2d 363 (C.A.7 (Ill.), 1983)………………...…..8

*In re Salem Mortgage Co*., 791 F.2d 456 (6th Cir.1986). …………………………………8

*Federal's Inc. v. Edmonton Inv. Co*., 555 F.2d 577 (6th Cir.1977)…………………….…..8

*Lowry v. Douglas*, 211 F.3d 457 (8th Cir., 2000)……………………………………..9, 10

*Prizevoits v. Indiana Bell Tel. Co*., 76 F.3d 132 (7th Cir. 1996). ……………………..…..9

*Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, (11th Cir. 1997)…………….……10

*Canfield v. Van Atta Buick/GMC Truck Inc.,* 127 F.3d 248 (2d Cir.1997) (per curiam), cert. denied, 522 U.S. 1117, 118 S.Ct. 1055, 140 L.Ed.2d 117 (1998)……………..……..10

*Weinstock v. Cleary, Gottlieb, Steen & Hamilton,* 16 F.3d 501 (2d Cir.1994)……………10, 11

*In re Cosmopolitan Aviation Corp*., 763F.2d 507 (2d Cir.), <u>cert. denied</u>, 474 U.S. 1032 (1985))..10

*United States v. Hooper,* 43 F.3d 26 (2d Cir.1994) (per curiam) ("*Hooper II*")…………..10, 11

*Silivanch v. Celebrity Cruises*, Inc., 333 F.3d 355 (2nd Cir., 2003)………………...……….11

*Premium Iowa Pork v. Banss Schlacth-Und Foerdertechink, GmbH*, 2007 U.S. Dist. LEXIS 68264 (N.D. Iowa 2007)…………………………………………………………..13

*Feeney v. AT & E, Inc*., 472 F.3d 560 (8th Cir., 2006)………………………………….12

*Liberty Media Holdings LLC v Youngtek Solutions Ltd*. S.D.Cal. Case No. 3:2010cv01972…11

**Statutes**

Fed. R. Civ. P. 60(b)(1)……………………………………………………..…………..……7

28 U.S.C. 1391(d) …………..………………………………………………..……...…13

**Quotation**

Burger, What's Wrong With the Courts: The Chief Justice Speaks Out, U.S. News & World Report (vol. 69, No. 8, Aug. 24, 1970) 68, 71 (address to ABA meeting, Aug. 10, 1970)…..15

## I. Introduction

Plaintiff filed the instant case February 17, 2011 and served copies of the Summons and Complaint upon the Defendants' Registered Agent on April 13, 2011 which service has been admitted by Defendant. ECF 15 Page 4. As additional measure, Plaintiff also served copies of the Complaint and Summons on Defendant's current and prior counsel so that Defendants were sure to get the message, which service was also admitted by Defendant. ECF 15 Page 4. Approximately two weeks after service upon the Defendants' Registered Agent, European Counsel for Defendant wrote a rather scathing letter to Keys Systems GmbH, the Registrar for the domains TnaFlix.com and EmpFlix.com, dated and faxed April 29, 2011 that specifically referenced this Northern District of Iowa civil matter. *See* Attachments 1 and 2, Letter to Registrar and Translated Letter to Registrar. No later than April 29, 2011, counsel for Defendants was aware of this case and did not respond to the Summons. Defendants did not respond, Defendants did not appear and ask for additional time to find local counsel, Defendants did not make a special appearance to challenge this Court's jurisdiction or sufficiency of service. Defendants did not even attempt to contact Plaintiff's counsel, rather, with full knowledge, Defendants ignored this case and this Court. Defendants did nothing when the Clerk entered Default on June 2, 2011. Even though, as Defendants claim, they were actively seeking representation, Defendants still made no attempt to respond to the Summons, make an appearance to request additional time to secure representation, or make a special appearance to challenge this Court's jurisdiction or sufficiency of service. Defendants never even attempted to contact opposing counsel, even after Defendants had retained Attorney Gurvits (again). Within

hours of filing a Motion for Default Judgment, only then did Defendants have former and current counsel appear and submit a Motion to Set Aside Judgment. Defense Counsel must have put in long hours to prepare the Motion on such short notice, or else they had started long before June 17th. Defendants' Motion cobbles together numerous innuendos, misrepresentations, outright red herrings and other arguments that are completely unrelated to a Motion to Set Aside Default. The only argument relevant to Defendants' motion is the argument that their delayed response is due to "Excusable neglect". The delay in filing the motion is not excusable. The failure to file any response in over seven weeks is inexcusable. The failure to contact the Court and ask for more time in those seven weeks is inexcusable. The failure to even contact Plaintiff's counsel is inexcusable. For the following reasons, Plaintiff claims that Defendant's neglect of this case was NOT excusable and that Defendant's Motion to Set aside Default should be DENIED.

## II. Defendant's Motion is Improper

Defendant has filed a Motion to Set Aside Default. A Clerks Entry of Default has been noted by the Clerk, however, this Court has not yet entered a Default Judgment and therefore the issue is not ripe for a Motion to Set Aside. Defendant should have filed a Resistance to the Motion for Default or the Court may treat Defendant's Motion as Resistance to the Motion for Default. Regardless of how the Court chooses to treat Defendant's Motion, Plaintiff Resists the Defendant's Motion.

## III. Plaintiff Resists Defendants Motion to Set Aside Default Judgment

### A. The Standard to Set Aside Default

Defendant moves the Court to Set Aside Default under Fed. R. Civ. P. 60(b)(1), claiming that Defendants' failure to file any response, pleading or appearance until June 17, 2011 was due to "excusable neglect". Defendant by its own Motion admits the neglect in making <u>any</u> appearance, filing <u>any</u> response, or making <u>any</u> special appearance but purports that Defendant's neglect is "excusable". Defendants lack of action for at least seven weeks is inexcusable. The determination whether a party's neglect is "`excusable' is essentially an equitable one, in which courts are to take into account all relevant circumstances surrounding a party's failure to file." *Chemetron Corp. v. Jones,* 72 F.3d 341, 349 (3d Cir.1995) (citing *Pioneer Investment Services v. Brunswick Assoc. Ltd.,* 507 U.S. 380 at 395 (1993)). The Supreme Court identified, without limitation, these factors to consider: "the danger of prejudice ..., the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer,* 507 U.S. at 395. In order to establish eligibility for relief under Fed.R.Civ.P. 60(b)(1), a moving party must show "(1) The existence of mistake, inadvertence, surprise, or excusable neglect[, and] (2) That he has a meritorious defense." *Marshall v. Monroe & Sons, Inc.,* 615 F.2d 1156, 1160 (6th Cir.1980).
In reviewing motions pursuant to Rule 60(b)(1), we have directed the District Court to take three factors into account: " 'whether (1) the default was willful, (2) a set-aside would prejudice

plaintiff, and (3) the alleged defense [to the action is] meritorious.' *Jackson v. Beech* , 205 U.S.App.D.C. 84, 89, 636 F.2d 831, 835 (1980), 636 F.2d at 836 (quoting *Keegel v. Key West & Carribbean Trading Co.*, supra note 33, 200 U.S.App.D.C. at 321, 627 F.2d at 374 (citations omitted)) *Chrysler Credit Corp. v. Macino*, 710 F.2d 363 (C.A.7 (Ill.), 1983)  Applying any of these set of factors to Defendants' actions, Defendant does not qualify for relief as the delay is not excusable, the Plaintiff continues to suffer from the Defendants' infringement, the defenses put forth are without merit, and the delay was intentional.

Defendants' counsel, even though having full knowledge of this case, choose not to file any response or contact the Court or opposing counsel in any way until June 17, 2011, fully seven weeks after Defendants' European counsel cited the instant case in a letter See Exhibits 1 and 2.  " 'Rule 60 was not intended to relieve counsel of the consequences of decisions deliberately made, although subsequent events reveal that such decisions were unwise.' " *In re Salem Mortgage Co.*, 791 F.2d 456, 459 (6th Cir.1986). (quoting *Federal's Inc. v. Edmonton Inv. Co.*, 555 F.2d 577, 583 (6th Cir.1977))  Defendants have deliberately neglected to respond to the Summons and Complaint, even knowing that a default was looming.  Defendants' failure to respond amounts to more than a technical error or slight mistake by counsel.

Defendants are no strangers to litigation and know how to hire lawyers.  Defendants knew and acknowledged this lawsuit no later than April 29, 2011 but make the preposterous claim that 7 weeks in filing anything in the case is somehow "excusable". Defendants' neglect is not excusable.  Defendants do not assert they carelessly overlooked the duty to respond or that they were not informed of this court action.  They argue that they had a hard time finding local counsel and thus could not file any pleading, response, appearance or special appearance in any way for two months following service upon their registered agent.  Defendants could have made

a special appearance or simply requested additional time from the Court to secure local counsel. Instead, Defendants choose to stay silent. Defendants choose to ignore this Court. This is not "excusable" neglect – Defendants' actions are intentional.

The Court has considerable discretion in determination of whether a party's neglect is "excusable" when weighing the relevant factors. "Determinations made pursuant to Fed.R.Civ.P. 60(b) are left to the sound discretion of the district court, and we will not find error in a district court's decision unless there is a clear abuse of discretion." *Marshall v. Monroe & Sons, Inc.,* 615 F.2d 1156, 1160 (6th Cir.1980).

The U.S. Supreme Court in *Pioneer* set out four factors that must be applied when determining if a movant is entitled to relief after failure to file and the 8th Circuit has determined that when applying the four factors from the *Pioneer* case:

> "the four *Pioneer* factors do not carry equal weight; the excuse given for the late filing must have the greatest import. While prejudice, length of delay, and good faith might have more relevance in a closer case, the reason-for-delay factor will always be critical to the inquiry. We acknowledge, of course, that the Supreme Court has said that neglect need not be "caused by circumstances beyond the control of the movant" to be excusable", *Pioneer,* 507 U.S. at 392, and that a finding of sufficient innocence on the part of the movant is not a condition precedent to our obligation to consider the other equitable factors, see id. at 395 n.14. But at the end of the day, the focus must be upon the nature of the neglect. Therefore we must examine carefully the reasons Lowry gave for missing the deadline. "

*Lowry v. Douglas*, 211 F.3d 457, 463 (8th Cir., 2000)

> What we have, then, is garden-variety attorney inattention. Although neglect no longer needs to be beyond a party's control to be deemed excusable, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." Pioneer, 507 U.S. at 392. Notwithstanding the "flexible" Pioneer standard, experienced counsel's misapplication of clear and unambiguous procedural rules cannot excuse his failure to file a timely notice of appeal. "Here the rule is crystal clear, the error egregious, the excuses so thin as to leave the lapse not only unexcused but inexplicable." <u>Prizevoits v. Indiana Bell Tel. Co., 76 F.3d 132, 134 (7th Cir. 1996).</u> ***<u>If we were to apply the excusable neglect standard to require that we deem Lowry's neglect excusable in this case, it is hard to fathom the kind of neglect that we would not deem excusable</u>***. See

> id.; see also Advanced Estimating Sys., Inc. v. Riney, 130 F.3d 996, 998 (11th Cir. 1997) ("That the four-part Pioneer standard for determining excusable neglect applies does not change existing law that a lawyer's misunderstanding of clear law cannot constitute excusable neglect. If it could, almost every appellant's lawyer would plead his own inability to understand the law when he fails to comply with a deadline. We do not believe that the [Supreme] Court intended a practice that would require courts to be that lenient about disobedience to plain law."). The District Court abused its discretion in holding that Lowry demonstrated excusable neglect under Rule 4(a)(5). *(Emphasis added)*

Id. at 464

The 8th Circuit therefore takes a dim view of excuses put forth to justify neglect. Here, Defendants' more than seven week period where it completely ignored this Court and then claims it had a hard time finding local counsel reminds this scrivener of a school boy claiming the dog ate his homework. The Defendant, no stranger to litigation, begs the Court to believe it could not figure out any way to contact the Court and ask for time to secure local counsel. While the 8th Circuit sets a high bar to convince a Court of excusable neglect, the 2nd Circuit similarly takes a hard line against parties that neglect their responsibilities:

> In our cases addressing when neglect is "excusable," we have therefore taken a hard line. In Canfield, for example, we affirmed the denial of a motion to extend the time for responding to an adversary's dispositive motion when the attorney filed late, in violation of "the clear dictates of a court rule," because of his personal involvement in other affairs. Canfield, 127 F.3d at 250. The mere "possibility that a court may properly find excusable neglect [where it consists of inadvertence, ignorance of the rules, or mistakes construing the rules does not] alter[] the principle that failure to follow the clear dictates of a court rule will generally not constitute such excusable neglect." Id. at 250. Similarly, in Weinstock, we agreed that the district court did not err when it declined to grant a motion to extend the plaintiff's time to appeal, even though the untimeliness resulted from the nullification by operation of law of a previously filed notice of appeal, Weinstock, 16 F.3d at 502, and even though the rule under which it had been nullified had since been amended precisely because it thus "created a 'trap' for the unsuspecting litigant," id. at 503; see also Fed. R. App. P. 4 advisory committee's notes (1993 amendment) (explaining rule change).[10] We affirmed because "[t]he excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules." Weinstock, 16 F.3d at 503 (quoting In re Cosmopolitan Aviation Corp., 763 F.2d 507, 515 (2d Cir.), cert. denied, 474 U.S. 1032 (1985)) (internal quotation marks omitted). And in Hooper II, a criminal case nonetheless

> bearing a strong resemblance to the case before us, we agreed with the district court's refusal to order an extension of time to file a notice of appeal under Rule 4(b) where the failure to file a timely notice resulted from a legal assistant's confusion between the length of time after judgment in which a notice of criminal appeal must be filed and the length of time after judgment in which a civil appeal must be filed. (The appeal would have been timely had the case been civil rather than criminal.) We quoted Weinstock's observation that "[a]s this Court has explained numerous times: The excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules. . . . Counsel's lack of familiarity with federal procedure is not an acceptable excuse." Hooper II, 43 F.3d at 29) (quoting Weinstock, 16 F.3d at 503 (internal quotation marks omitted in original)).

*Silivanch v. Celebrity Cruises*, Inc., 333 F.3d 355 (2nd Cir., 2003) page 368-369

### B. Defendants' Conduct is not Excusable Neglect

These Defendants are no strangers to Federal Rules and civil actions. The records in Liberty Media Holdings LLC v Youngtek Solutions Ltd. Case No. 3:2010cv01972 filed in the Southern District of California show Defendants' attempts to avoid service and avoid responsibility. Defendants' only basis for argument that its current neglect was excusable was that Defendant had difficulty retaining counsel in Iowa. Defendant admits that its Registered Agent was served on the April 13 date claimed by Plaintiff, which is an admission of service that complies with the Federal Rules of Civil Procedure. ECF 15 Page 4. Defendant argues that because the Complaint was served in English and not Greek it did not understand the importance of the documents. ECF 15 Page 4. Defendant offers no explanation why it publishes its websites in English, cites US law on its websites, utilizes Visa credit card processing based in Ireland, solicits business in the United States, and has previously been a defendant in a United States Federal District Court but cannot understand the importance of a Summons and Complaint served upon its corporate Registered Agent in English. Further, Defendant fails to disclose that

11

it directed its counsel to write a letter to Key Systems GmbH on April 29, 2011 that acknowledges and cites this Iowa complaint. See Exhibits 1 and 2. Defendant offers no explanation of why its European counsel understood the serious nature of this action as early as April 29, 2011 but could not convince Defendants the matter was serious enough to contact the Northern District of Iowa Court. Attorney Gurvitis had the complaint served to him on April 4, 2011 so by April 29, 2011 the Registered Agent has been served, former and present counsel has been served, and Defendant's European counsel writes a letter acknowledging and citing this case. Defendants had been hailed to the District Court for the Southern District of California just months before and had retained Gurvits for that case as well. How then does Gurvits then argue seven (7) more weeks for response is excusable? At what time after April 4 did Attorney Gurvits contact his former clients to inform them of the pending matter? At any point over those seven (7) weeks after April 29 when the European counsel wrote his letter, Defendants could have made a special appearance seeking additional time to retain Iowa counsel. Defendant argues that for over seven (7) weeks after its European counsel wrote that letter that Defendant could not find any way to inform the Court of its intention to enter an appearance and litigate this matter. This delay is inexcusable. Even a relatively brief delay, such as the eight DAY delay in *Feeney v. AT & E*, was found, upon review of all the factors, to not be worthy of relief. *Feeney v. AT & E, Inc.*, 472 F.3d 560 (8th Cir., 2006) At some point a delay must be found to be in bad faith and not worthy of relief; seven weeks is not in good faith and not worthy of relief.

      Plaintiff asserts that Defendant's stated reasoning, that they could not find counsel in Iowa, for their neglect simply does not meet the standard of excusable by the precedents set forth in the 8th Circuit or the persuasive reasoning of other Circuits.

**C.     Defendant's Motion Contains Misleading Citation**

Defendant cites *Premium Iowa Pork v. Banss Schlacth-Und Foerdertechink, GmbH*, 2007 U.S. Dist. LEXIS 68264 (N.D. Iowa 2007) as this Court holding that service upon a foreign defendant that did not meet Hague Convention standards rendered the Court to be without jurisdiction and a default judgment void. Upon reading that ruling, it certainly does NOT say what the Defendant implied. In fact, the Defendants' citation of that case at II (A) on Page 7 of its Motion could be found to be *intentionally* misleading. Even if not intentional, the *Premium Pork* Court did not deal with service upon an alien corporation's registered agent nor the Hague Convention. The *Premium Pork* Plaintiff served its Summons and Complaint upon a technician of the alien company while that technician was in Iowa. The technician did not have authority to receive Service of Process, and while the Hague Convention is mentioned, the ruling did not rely on Hague Convention service requirements. Defendant's citation of this case is perplexing at best and intentionally misleading at worst. Further, the reliance on the Hague Convention is a red herring as Service of Process must be made under the Federal Rules, not Hague Convention. Defendants were properly served under the applicable rules.

**D.     Defendant's Claimed Defenses do not rise to the Strong Defenses standard.**

   **1.     Defendant Claims No Jurisdiction**

Defendant claims that this Court does not have personal jurisdiction, however as is stated in the Complaint alien defendants may be hailed into any Court and Plaintiff is legitimately in the Northern District of Iowa. *See* 28 U.S.C. 1391(d); ECF 2 Page 3, ECF 14 Page 5. Defendant

13

Case 3:11-cv-03005-MWB-LTS   Document 17   Filed 06/23/11   Page 13 of 17

does not understand the applicable law, and the minimum contacts discussed by Defendant are not the applicable standard.

### 2. Defendant Claims Protection under Safe Harbor Provision of Digital Millennium Copyright Act (DMCA)

Defendant claims protection under the DMCA Safe Harbor Provision. ECF 15 Page 5. This is curious because Defendant first claims it is not subject to this US Court, indicating its preference for courts in Cyprus, then claims protection under United States law. As perplexing as this may seem, it pales to the fact that at the relevant times Defendant did NOT have a DMCA agent listed with the US Copyright Office as is required for Safe Harbor protection, which is probably why the Defendant did not list the alleged Agent's name, information, date of appointment and registration with the Copyright Office. ECF 15 Page 10-11. Defendant cannot claim Safe Harbor protection without complying with the DMCA, has no evidence that it complied at relevant times, and therefore Defendant is not entitled to Safe Harbor Protection. Further, Defendant is not an Internet Service Provider (ISP). Defendant operates for-profit membership web sites which do not fit the definition of ISP and therefore does not qualify for Safe Harbor protection even if it did properly enlist a DMCA agent.

### 3. Defendant's Motion Contains Untrue Allegations Stated as Fact

Defendant makes wild allegations that Fraserside IP LLC does not hold the copyrights that it claims and further that Fraserside IP LLC is a third party with only bare rights, therefore

not possessing standing to sue. ECF 15 Pages 11, 12. Plaintiff forcefully asserts that those allegations are patently false, that Fraserside IP LLC holds all the rights it claims, that Fraserside IP LLC is not a third party but part of an integrated business, and demands proof of the allegations Defendant included in its Motion filed with this United States District Court.

Plaintiff reasserts all its claims and dismisses Defendant's use of Berth Milton's statements out of context. As those statements have no bearing upon the issues at hand, Plaintiff will not address them further at this time.

**D.      Plaintiff will suffer prejudice if the Default is set aside.**

Defendant continues to infringe upon Plaintiff's copyrighted works. *See* ECF 14 Page 22. Even after settlement of one copyright infringement suit on nearly identical facts with another Plaintiff in the Southern District of California and service of the Complaint in this matter months later, Defendant continues to infringe upon the rights of others. Defendants' actions harm Plaintiff every day that passes without the relief requested in Plaintiff's Complaint and Motion for Default Judgment. Justice delayed is justice denied and setting aside Default only extends the inevitable conclusion of this case in favor of Plaintiff. In the words of Chief Justice Warren E. Burger:

> "A sense of confidence in the courts is essential to maintain the fabric of ordered liberty for a free people and three things could destroy that confidence and do incalculable damage to society: that people come to believe that inefficiency and delay will drain even a just judgment of its value; that people who have long been exploited in the smaller transactions of daily life come to believe that courts cannot vindicate their legal rights from fraud and over-reaching; that people come to believe the law - in the larger sense - cannot fulfill its primary function to protect them and their families in their homes, at their work, and on the public streets."
> 
>    Burger, What's Wrong With the Courts: The Chief Justice Speaks Out, U.S. News & World Report (vol. 69, No. 8, Aug. 24, 1970) 68, 71 (address to ABA meeting, Aug. 10, 1970).

### E. Summary:

| | |
|---|---|
| Current and Past Counsel for Defendant (Gurvits) served | April 4, 2011 |
| Registered Agent for Defendant served | April 13, 2011 |
| Letter from Defendants' European Counsel citing this case | April 29, 2011 |

- - - - - - **7 weeks pass that Defendant Claims is Excusable Neglect** - - - - - -

| | |
|---|---|
| First Appearance by Defendant in this case | June 17, 2011 |

### IV. Conclusion

Defendant cannot claim the delay from April 29, 2011 until June 17, 2011 is excusable. Further, Defendant cannot claim that it has any strong defenses. It does not meet the two prong test to set aside default. Defendants' Motion to Set Aside Default should be DENIED, Default Judgment entered and hearing set to determine damages.

Respectfully submitted this 23rd day of June, 2011

By:

/s/ Chad L. Belville

Chad Belville, Attorney at Law

Iowa Bar # 015731

Physical Address                                      304 East Beth Drive
Phoenix, AZ 85042

MAILING ADDRESS:                    P.O. Box 17879
                                    Phoenix, AZ 85066

                                    Telephone:  602-904-5485
                                    FAX:  602-297-6953
                                    E-mail cbelville@azbar.org

                    ATTORNEY FOR PLAINTIFF


                    Certificate of Service

I, Chad Belville, Attorney for Plaintiff, hereby certify that on June 23, 2011 a copy of this Resistance to Defendants' Motion to Set Aside Default Judgment was served upon the Attorneys for Defendants, listed as Connie M. Alt, Valentin Gurvits, and Evan Fray-Witzer, through the Courts Electronic Case Filing System.

                    /s/ Chad L. Belville