**DR. MÜNCH Rechtsanwälte**
- Bürogemeinschaft -
Q2, 23 (Fressgasse)
68161 Mannheim
Telefon: 0621 / 23 23 2
Telefax: 0621 / 15 65 2 64
E-Mail: info@mmk-recht.com
Web: www.mmk-recht.com
Landgericht Mannheim: LG-Fach 81

**Dr. iur. Fred Münch**
Rechtsanwalt
Mitglied im Deutschen Anwaltverein, der Deutschen Vereinigung für Erbrecht und Vermögensnachfolge (DVEV) und der Deutsch-Amerikanischen Juristenvereinigung (DAJV)

**Isabelle Jäger-Maillet, LL.M.**
Rechtsanwältin
Mitglied im Deutschen Anwaltverein und der Deutsch-Französischen Juristenvereinigung

**Paul Meixner***
Rechtsanwalt
* Paul Meixner† (2006) hat die Kanzlei zum 01. Februar 2006 übergeben.

**Joachim Koenig**
Rechtsanwalt† (2006)

Dr. Münch Rechtsanwälte · Q2, 23 · 68161 Mannheim

119/11

Vorab per Fax:
06894/ 93 96 871
Firma
Key-Systems GmbH
Im Oberen Werk 1
66386 St Ingbert

Mannheim, 29. April 2011
Unser Zeichen: 119/11FM02 Re

# EILT! BITTE SOFORT VORLEGEN! GERICHTLICHE MASSNAHMEN DROHEN!

**YoungTek / Key-Systems GmbH**
Domain Lock: www.empflix.com und www.tnaflix.com

Sehr geehrte Damen und Herren,
sehr geehrter Herr Greimann,

der Unterzeichner kommt zurück auf das heute Mittag geführte Telefongespräch und bestätigt unter Versicherung ordnungsgemäßer Bevollmächtigung, dass er die Firma YoungTek Solutions Limited, Nicosia (Zypern) vertritt, welche u.a. die Domains www.empflix.com und www.tnaflix.com bei Ihnen registriert hält.

Im Hinblick auf eine in den USA beim District Court / Northern District of Iowa angeblich eingereichte Beschwerde („Complaint") hatten Sie auf Anforderung des die FRASERSIDE IP LLC vertretenden Rechtsanwalts Chad Belville die vorgenannten Domains in den s.g. „lock status" platziert.

Meine Mandantin sieht trotz ihrer telefonischen Erläuterungen und dem Verweis auf die *Policy on Transfer of Registrations between Registrars* der ICANN A.3., Ziffer 7. diese Übertragungssperre als unberechtigt an, da ein in Deutschland vollstreckbares Urteil aus dem Verfahren im US-Bundesstaat Iowa alleine gar nicht entstehen kann.

Ich habe die Key-Systems GmbH daher zur Vermeidung gerichtlicher Maßnahmen aufzufordern

**unverzüglich, jedoch spätestens bis Montag, 2. Mai 2011, 14:00 Uhr,**

die Übertragungssperre für die genannten Domains aufzuheben und mir sowie meiner Mandantin hiervon umgehend Mitteilung zu machen.

Bankverbindung: Commerzbank Mannheim - Konto 300 49 00 00 - BLZ 67040031

Ich weise erneut darauf hin, dass meiner Mandantin, die ihren Sitz nicht in den USA hat, die Beschwerde nach deren Mitteilung überhaupt noch nicht zugestellt worden ist sowie weiter, dass für die Beschwerde nach Ansicht meiner Mandantin überhaupt kein Gerichtsstand im US-Bundesstaat Iowa begründet ist. Meine Mandantin hat ihren Sitz bekanntlich in Zypern.

Ich darf schließlich weiter festhalten, dass wir übereingekommen waren, dass ein Fall der Bestimmung A.3., Ziffer 1. bis 6. sowie 8. bis 9. der *ICANN-Policy on Transfer of Registrations between Registrars* vom 12. Juli 2004 in keinem Falle vorliegt.

Jedoch ist auch ein Fall von Ziffer 7. der Bestimmung A. 3. hier nicht erkennbar, da diese Bestimmung überhaupt erst voraussetzt, dass der „lock status" auf Grund einer anderen Bestimmung berechtigterweise für eine Domain eingerichtet wurde. Aus diesem Grund ist die Key-Systems GmbH auch durch die Bestimmungen der ICANN nach hiesiger Auffassung nicht gebunden, den unberichtigt eingerichteten „lock status" wieder aufzuheben und kann schon gar nicht nach A. 3., Ziffer 7. die Vorlage eines Beendigungsnachweises des in Deutschland letztlich praktisch wirkungslosen US-Amerikanischen Gerichtsverfahrens verlangen, um den „lock status" aufzuheben.

Sollte die vorgenannte Frist nicht eingehalten werden, behält sich meine Mandantin vor, gegen die Key-Systems GmbH

**Schadensersatzansprüche**

gerichtlich geltend zu machen, weil sich meine Mandantschaft zur Zeit in Verhandlungen mit einem möglichen Käufer für die vorgenannten Domains befindet und dieser Käufer durch den unberechtigt gesetzten „lock status" davon abgehalten werden könnte, den beabsichtigten Kauf der Domains durchzuführen. Sollte der beabsichtigte Kauf aus Gründen des unberechtigt gesetzten „lock status" nicht zustande kommen, drohen Ihrer Gesellschaft Schadensersatzansprüche in sechsstelliger Höhe.

Es ist daher unbedingt veranlasst, den Vorgang sofort eingehend zu überprüfen und im Zweifel den gesetzten „lock status" fristgerecht zu entfernen.

Für Rücksprache stehe ich telefonisch zur Verfügung.

Mit freundlichen Grüßen

Dr. Münch
Rechtsanwalt