UNITED STATES DISTRICT COURT IN AND FOR THE
NORTHERN DISTRICT OF IOWA, CENTRAL DIVISION

|  |  |
|---|---|
| Fraserside IP, LLC,<br>　　　　　Plaintiff,<br>v.<br><br>Youngtek Solutions, Limited, et al.<br>　　　　　Defendants. | Docket No. 11-CV-03005-MWB<br><br>**YOUNGTEK SOLUTIONS, LTD.'S REPLY TO FRASERSIDE IP, LLC'S RESISTANCE TO YOUNGTEK'S MOTION TO DISMISS** |

I. The Plaintiff's Distinction Between a "Foreign" Defendant and an "Alien" Defendant Is Made Up and Contradicted By The Actual Case Law.

The Plaintiff, in its Resistance, argues that many of the jurisdictional cases cited by Youngtek involve "foreign" defendants (i.e., defendants who are based in the United States, but not in the forum state in which they were sued), as opposed to "alien" defendants (i.e., defendants who have no corporate presence in the United States at all). Fraserside IP implies – without legal citation – that this distinction is relevant and that the Court should find Youngtek subject to jurisdiction in Iowa because Fraserside IP does not know where else in the United States (if anywhere) it will be able to assert such jurisdiction. On both a factual and legal basis, the argument is an absurdity.

First, it is unseemly that Fraserside IP constantly bemoans the possibility that it might have to adjudicate its rights in Cyprus. All of the copyrights at issue in Fraserside IP's complaint continue - to this day – to be registered with the United States Copyright Office to Fraserside IP's sister company, Fraserside Holdings, Ltd., a Cyprus based corporation. In what can only be seen as an attempt to avoid the jurisdiction in the country where both Fraserside Holdings, Ltd. and Youngtek are registered, Fraserside Holdings, Ltd. has (purportedly) transferred certain of its rights in certain of its properties to a newly-created Iowa shell. Fraserside IP's attempts to manufacture

jurisdiction where none actually exists should hardly be encouraged.[1] Moreover, from a legal standpoint, Fraserside's attempted distinction is nonsensical. Many of the United States Supreme Court's leading cases on personal jurisdiction involve defendants which were both "foreign" and "alien" (as the Plaintiff – but no court - attempts to use those terms).[2] If any distinction exists, it is that Supreme Court precedent holds that Courts should be *more* cautious in asserting jurisdiction over a non-U.S. defendant. *Asahi*, *supra at 115* ("Great care and reserve should be exercised when extending our notions of personal jurisdiction into the international field.")

Nor does Fraserisde IP's attempt to argue that Youngtek has connections with the United States in general (as opposed to Iowa specifically) add anything to the mix. Indeed the United States Supreme Court recently considered – and rejected –similar arguments. *J. McIntyre Machinery, Ltd., supra at 2789*("Because the United States is a distinct sovereign, a defendant may in principle be subject to the jurisdiction of the United States but not of any particular State. This is consistent with the premise and unique genius of our Constitution.")

In the present case, other than the existence of a website available to users of the internet around the world, Youngtek has no connections to Iowa. Youngtek has no offices in Iowa, no telephone number in Iowa, no employees in Iowa, and no agent for service of process in Iowa. *See Supplemental Affidavit of Arjan Wijnveen, attached hereto as Exhibit 3*. Youngtek does not advertise in Iowa and no Youngek officer or director has ever visited Iowa. And, perhaps most importantly, Youngtek has no servers located in either Iowa or the United States. *Id.*

---

[1] Fraserside IP has filed thirteen actions in the Northern District of Iowa without naming a single Iowa defendant. and has made no secret of its intent to make the Northern District of Iowa the hub of pornography-related copyright suits, despite a wholesale lack of connection with this jurisdiction. *See*, *e.g.*, Exhibit 1("'We're not going to slow down,' [Private Media Group Spokesman Jason] Tucker said. 'We have five more [lawsuits] coming up and five more after that'") and Exhibit 2 ("Private attorney Chad Belville wasn't able to speak directly on the case; however, he said that more similar suits are in the works. 'We do have several more suits lined up for the next few weeks.'")

[2] *See*, *e.g.*, Asahi Metal Industry Co., Ltd. v. California, 480 U.S. 102 (1987)(Japanese corporate defendant); *Helicopteros Nacionales de Columbia v. Hall*, 466 U.S. 408 (1984)(Columbian corporate defendant); *J. McIntyre Machinery, Ltd. v. Nicastro*, 131 S. Ct. 2780 (2011)(British corporate defendant); *Goodyear Dunlop Tires Operations v. Brown*, 131 S. Ct. 2846 (2011)(defendants located in Luxembourg, Turkey, and France).

2. <u>Plaintiff Has Misinterpreted and Misapplied *Calder* and Its Progeny.</u>

Fraserside IP claims that specific jurisdiction can be asserted against Youngtek under the so-called "Calder-effects" test articulated in *Calder v. Jones*, 465 U.S. 783 (1984).[3] In support of this argument, Fraserside IP cites a Ninth Circuit case, *CYBERsitter, LLC v. P.R.C.*, 2011 U.S. Dist. LEXIS 84722 (C.D. Cal. 2011), which employed an expansive interpretation of *Calder*.

It is understandable that Fraserside IP would want to cite *Ninth* Circuit law on this point, given that the *Eighth* Circuit, and the District Courts in this Circuit, have consistently and explicitly afforded *Calder* a much narrower application. *See, e.g., Johnson v. Arden*, 614 F.3d 785, 796-97 (8th Cir. 2010)("Additionally, even if the effect of Heineman's alleged statement was felt in Missouri, we have used the Calder test merely as an additional factor to consider when evaluating a defendant's relevant contacts with the forum state. ...We therefore construe the Calder effects test narrowly, and hold that, absent additional contacts, mere effects in the forum state are insufficient to confer personal jurisdiction"); *Hicklin Engineering, Inc. v. Aidco, Inc.*, 959 F.2d 738, 739 (8th Cir. 1992)("it was more than mere effects that supported the [Calder] Court's holding"); *Brown v. Kerkhoff*, 504 F.Supp. 2d 464, 497-99 (S.D. Iowa 2007)(extensive discussion concerning the application of Calder within the Eighth Circuit; *Express Scripts, Inc. v. Care Continuum Alliance, Inc.*, 2011 U.S. Dist. LEXIS 61157 (D. Miss. 2011)("the Eighth Circuit has narrowly construed the Calder effects test, holding that mere effects in the forum state are insufficient to confer personal jurisdiction"); *Principal Fin. Servs. v. Big Fin. & Ins. Servs.*, 451 F. Supp. 2d 1046, 1059-1061 (S.D. Iowa 2006).

In contrast to the Ninth Circuit, the Eight Circuit employs its own "effects test," which much

---

[3] It bears noting that the rationale of *Calder*, the cases underpinning *Calder*, and cases which gave an expansive reading to *Calder* have all been called into question by the Supreme Court's recent decision in *J. McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780, 2791 (2011). There, the Court rejected the idea that a British company could be subject to jurisdiction in New Jersey despite having placed in the stream of commerce defective products which it knew might cause damages in New Jersey. Although the Court recognized New Jersey's interest in "protecting its citizens from defective products," it nevertheless held that , while "that interest is doubtless strong... the Constitution commands restraint before discarding liberty in the name of expediency.")

more closely tracks the actual holding of *Calder*. *See Johnson, supra* at 796 ("The 'effects' test, therefore, provides that a defendant's tortious acts can serve as a source of personal jurisdiction only where the plaintiff makes a prima facie showing that the defendant's acts (1) were intentional, (2) were uniquely or expressly aimed at the forum state, and (3) caused harm, the brunt of which was suffered--and which the defendant knew was likely to be suffered--[in the forum state]')(citations omitted); *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589 (8th Cir. 2011)(quoting and reaffirming the test outlined in *Johnson*.)

Fraserside IP has not alleged and cannot possibly allege that Youngtek has taken intentional actions which were "uniquely or expressly aimed at" Iowa, that the brunt of the harm was suffered in Iowa, or that Youngtek knew that the brunt of the harm would be suffered in Iowa. Youngtek's website are no more "aimed at Iowa" than they are aimed at New York, Madrid, Hong Kong, or any other place in the world where the internet is available. Nor is there any way that Youngtek could have known that the brunt of the harm would be felt in Iowa, given that all of the copyrights and trademarks at issue continue to be registered not to Fraserside IP, but rather Fraserside Holdings, Ltd. (a Cyprus Corporation) and Cine Craft, Ltd. (a UK Corporation). Indeed, even now the United States Copyright and Trademark Offices recognize only Fraserside Holdings, Ltd. and Cine Craft as the rightful registrants and owners of the copyrights and trademarks at issue.[4]

And, indeed, under Eighth Circuit precedent, even if Fraserside IP could prove that Youngtek knew that the brunt of the effects would be felt in Iowa (which it clearly cannot), such "effects" would be insufficient without more to establish jurisdiction over Youngtek. *Amerus Group Co. v. Ameris Bancorp*, 2006 U.S. Dist. LEXIS 32722 (S.D. 2006)(discussing whether, under Eighth Circuit precedent, "standing alone, the 'effects' of a tortious act can subject a defendant to

---

[4] Fraserside IP claims that "all transfers have been or will be delivered to the respective copyright and trademark offices." Resistance at p. 23. While it is nice that Fraserside IP intends – at some unknown future date – to create a public record of the alleged transfer of interests to its Iowa shell, it has not yet done so and, as such, there is no reason why Youngtek or any alleged infringer would know that infringement would cause harm in Iowa.

4

personal jurisdiction in a forum where no other contacts exist. This Court holds it cannot");
*Principal Fin. Servs. v. Big Fin. & Ins. Servs.*, 451 F. Supp. 2d 1046, 1059-1061 (S.D. Iowa 2006)("Given the complete absence of any substantial connection between Big Finance and the state of Iowa, the Court cannot exercise jurisdiction solely because the effects of the alleged injury may be most strongly felt in Iowa"); *Express Scripts, Inc. v. Care Continuum Alliance, Inc.*, 2011 U.S. Dist. LEXIS 61157, *12 (D. Miss. 2011)("Even if plaintiffs adduced evidence that Care Continuum knew Express Scripts owned the mark and resided in Missouri, this fact alone this would be insufficient to confer personal jurisdiction under Calder; because there is no evidence that Care Continuum ever targeted this state or had any other contacts with it.")[5]

### 3. Fraserside IP Needs to Check Its Dates.

Finally, Fraserside IP argues that: "Youngtek did *not* have a registered agent to receive takedown notices at the time" of the alleged infringement. *Resistance* at p. 33 (emphasis in original). In support of this assertion, Fraserside IP attaches to its Resistance what purports to be TNAFlix.com's DMCA policy. *See* Docket No. 30-3. Clearly printed in the lower right hand corner of that Exhibit is the date November 12, 2010. Fraserside IP's complaint, however, does not allege any infringing activity until some unspecified date in February of 2011. As Youngtek has demonstrated, it was fully complaint and had a registered DMCA agent in February of 2011, the time of the alleged infringements. *See Docket Nos. 29-15 and 29-16.*

### Conclusion

For the reasons stated herein and in Youngtek's primary memorandum in support of its Motion to Dismiss, Youngtek respectfully requests that Fraserside IP's Complaint be dismissed.

---

[5] The *Express Scripts* case is telling. There, the two Plaintiffs were a Missouri-based parent company (Express Scripts) and its wholly-owned subsidiary (CuraScript), which owned the trademarks in question. Although CuraScript was not itself headquartered in Missouri, it maintained a place of business in Missouri, had senior corporate officers located in Missouri, and conducted administrative activities in Missouri. Id. at *10. Nevertheless, the Court rejected jurisdiction in Missouri based on Eighth Circuit precedent, holding that – even though CuraScript maintained a presence in Missouri – such evidence was "insufficient for me to conclude that CuraScript will feel the effects of any mark infringement here. Its contacts are simply too limited."

5

Respectfully submitted,
Youngtek Solutions, Ltd.
By its attorneys,
/s/Evan Fray-Witzer
Evan Fray-Witzer, *pro hac vice*
Ciampa Fray-Witzer, LLP
20 Park Plaza, Suite 804
Boston, MA 02116
(617) 723-5630
Evan@CFWLegal.com

/s/Valentin Gurvits
Valentin Gurvits, *pro hac vice*
Boston Law Group, PC
825 Beacon Street, Suite 20
Newton, MA 02459
 (617) 928-1804
vgurvits@bostonlawgroup.com

/s/Jennifer E. Rinden
Connie Alt              AT0000497
Jennifer E. Rinden      AT0006606
        for
SHUTTLEWORTH & INGERSOLL, P.C.
500 US Bank Bldg., P.O. Box 2107
Cedar Rapids, IA 52406
PHONE:      (319) 365-9461
FAX:        (319) 365-8564
jer@shuttleworthlaw.com

## ECF CERTIFICATE OF SERVICE

I, Evan Fray-Witzer, hereby certify that on September 5, 2011, a copy of the above document was served on Chad Bellville, attorney for the plaintiff, through the Court's ECF system in accordance with FRCP 5.

/s/ Evan Fray-Witzer