# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| FRASERSIDE IP L.L.C., an Iowa Limited Liability Company,<br><br>    Plaintiff,<br><br>vs.<br><br>YOUNGTEK SOLUTIONS LIMITED, dba EmpFlix, dba www.empflix.com, dba TNAFlix.com and www.tnaflix.com, and John Does 1-100 and John Doe Companies 1-100,<br><br>    Defendants. | No. C11-3005-MWB<br><br>**AMENDED ORDER REGARDING DEFENDANT YOUNGTEK SOLUTIONS LIMITED'S MOTION TO DISMISS** |

_____

   In this action, plaintiff Fraserside IP L.L.C. ("Fraserside") filed a complaint against defendant Youngtek Solutions Limited ("Youngtek"), John Does, and John Doe Companies, alleging the following causes of action: copyright infringement, in violation of 17 U.S.C. §§ 106 and 501 *et seq.*; contributory copyright infringement, in violation of 17 U.S.C. §§ 106 and 501 *et seq.*; vicarious copyright infringement, in violation of 17 U.S.C. §§ 106 and 501 *et seq.*; inducing copyright infringement, in violation of 17 U.S.C. §§ 106 and 501 *et seq.*; trademark infringement, in violation of 15 U.S.C. § 1114; contributory trademark infringement, in violation of 15 U.S.C. § 1114; vicarious trademark infringement, in violation of 15 U.S.C. § 1114; false designation of origin, in violation of 15 U.S.C. § 1125(a); and, dilution of trademark, in violation of 15 U.S.C. § 1125(c). Youngtek has filed a Motion to Dismiss (docket no. 29) in which it seeks

dismissal dismissed pursuant to Federal Rules of Civil procedure 12(b)(1), 12(b)(2), and 12(b)(6). In that motion, Youngtek argues, *inter alia*, that Fraserside is not the legitimate owner or registrant of the intellectual property at issue.

Fraserside has attached to its resistance to the motion to dismiss documents purporting to be transfers of copyrights and trademarks to it from its parent company and another company. The issue on a motion to dismiss for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6) is not whether a plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence in support of his or her claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *United States v. Aceto Agric. Chem. Corp.*, 872 F.2d 1373, 1376 (8th Cir. 1989). In considering a motion to dismiss under Rule 12(b)(6), the court must assume that all facts alleged in the plaintiff's complaint are true, and must liberally construe those allegations. *Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009).

On a motion to dismiss pursuant to Rule 12(b)(6), the court ordinarily cannot consider matters outside of the pleadings, unless the court converts the Rule 12(b)(6) motion into a motion for summary judgment pursuant to Rule 56. *See* FED. R. CIV. P. 12(b)(6); *see also Buck v. F.D.I.C.*, 75 F.3d 1285, 1288 & n.3 (8th Cir. 1996). However, on a motion to dismiss, the court may consider certain matters outside of the pleadings without converting the motion into a motion for summary judgment. For example, the court may consider documents outside of the pleadings where "the plaintiffs' claims are based solely on the interpretation of the documents [submitted] and the parties do not dispute the actual contents of the documents." *Jenisio v. Ozark Airlines, Inc., Retirement Plan*, 187 F.3d 970, 972 n. 3 (8th Cir. 1999) (citing *Silver v. H & R Block, Inc.*, 105 F.3d 394, 397 (8th Cir. 1997)). The court may also take judicial notice of public records, such

as the docket and pleadings of pending judicial proceedings, pursuant to Rule 201 of the Federal Rules of Evidence. *See also Cinel v. Connick*, 15 F.3d 1338, 1343 n. 6 (5th Cir. 1994) (holding that, "[i]n deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record"); *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991) (similar holding); *cf. Florida State Bd. of Admin. v. Green Tree Fin. Corp.*, 270 F.3d 645, 663 (8th Cir. 2001) (taking judicial notice of SEC filings in deciding a Rule 12(b)(6) motion to dismiss); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271 (11th Cir. 1999) (same); *United States v. Doyle*, 121 F.3d 1078, 1088 (7th Cir. 1997) (taking judicial notice of district court's docket sheet).

The documents Fraserside has submitted are neither "undisputed" nor "public records." Under the circumstances, the court finds that the appropriate course is to convert Youngtek's motion to dismiss into a motion for summary judgment. *See* FED. R. CIV. P. 12(b). The court also finds it appropriate to establish a schedule for submission of all documents pertinent to a Rule 56 motion for summary judgment.

THEREFORE,

1. Youngtek's Motion To Dismiss (docket no. 29) is **converted** into a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

2. **On or before December 30, 2011,** Youngtek shall refile its motion to dismiss as a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure in full compliance with Rule 56 and N.D. IA. L.R. 56. After which, Fraserside shall file a response to the motion for summary judgment in full compliance with Rule 56 and N.D. IA. L.R. 56.

**IT IS SO ORDERED.**

**DATED**  this 2nd day of December, 2011.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA
