UNITED STATES DISTRICT COURT IN AND FOR THE
NORTHERN DISTRICT OF IOWA, CENTRAL DIVISION

|  |  |  |
|---|---|---|
| Fraserside IP, LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | Docket No. 11-CV-03005-MWB |
| | ) | |
| Youngtek Solutions, Limited, et al. | ) | |
| Defendants. | ) | |
| | ) | |

### YOUNGTEK SOLUTIONS, LTD.'S MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY AND FOR MODIFICATION OF BRIEFING SCHEDULE – EXPEDITED RELIEF REQUESTED

Pursuant to Fed. R. Civ. P. 56(d), Youngtek Solutions, Ltd. ("Youngtek") respectfully moves for leave to take limited discovery and for a concomitant modification of the briefing schedule ordered by the Court. In support of this Motion, Youngtek states as follows:

1. On August 2, 2011, Youngtek filed its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2) and 12(b)(6). On August 14, 2011, Plaintiff Fraserside IP, LLC filed its resistance to Youngtek's Motion.

2. On December 2, 2011, this Court issued an order stating its intent to convert Youngtek's motion to a motion for summary judgment under Fed. R. Civ. P. 56. In so ruling, the Court focused on Youngtek's argument that Fraserside IP, LLC was not the proper owner of the intellectual property at issue.[1] Because Youngtek originally submitted its motion as a Motion to Dismiss, no discovery was contemplated or taken. Given that the Court has, *sua sponte*, converted the motion to a Motion for Summary Judgment, Youngtek now requires the limited discovery discussed below to support its motion.

---

[1] In its order, the Court did not address Youngtek's jurisdictional arguments. Youngtek does not need discovery concerning the jurisdictional issue and notes that – if the Court were so inclined – consideration first of Youngtek's jurisdictional arguments might moot the need for any of the discovery outlined herein.

3.      It is Youngtek's contention that, despite Fraserside IP having provided the Court with documents which purport to transfer to it the intellectual property (and all rights associated with such intellectual property) from Fraserside Holdings and Cine Craft Ltd., that these purported transfers were a sham designed solely to establish jurisdiction in the present court.

4.      Youngtek believes that discovery will demonstrate that Fraserside Holdings, Private, and Cine Craft Ltd. continue to directly enter into licensing agreements for the allegedly-transferred intellectual property, continue to directly receive revenues from the allegedly-transferred intellectual property, and continue to treat the allegedly-transferred intellectual property as if no transfer had taken place (which would be inconsistent with the claimed transfer).

5.      Additionally, Youngtek believes that discovery will demonstrate that the alleged transfers were without consideration and not made in the ordinary course of business.

6.      Finally, Youngtek believes that that discovery will demonstrate that Fraserside IP is thinly capitalized and being run in a manner wholly inconsistent with a company allegedly controlling millions of dollars of intellectual property.

7.      Youngtek believes that limited discovery into the ownership of the intellectual property would require the following:

- 30(b)(6) depositions of Fraserside IP, Fraserside Holdings, Cine Craft, and Private Media Group;

- Limited document requests (concerning the above-listed topics) to Fraserside IP, and as part of subpoena duces tecum to Fraserside Holdings, Cine Craft, and Private Media Group; and

- Limited interrogatories (concerning the above-listed topics) to Fraserside IP.

8.      Given the upcoming holidays, if the Court were inclined to allow Youngtek's motion for limited discovery, Youngtek anticipates that it could serve all of the discovery by January 16, 2012 and complete all of the discovery by March 1, 2012.  Youngtek could then file its Motion for Summary Judgment by March 19, 2012.

9. Although Youngtek sincerely believes that the limited discovery outlined above is necessary for it to properly move for summary judgment on the basis identified by this Court, even in the absence of the Court's leave to take such discovery, given the holiday and vacation schedules of counsel, Youngtek respectfully requests that the Court extend the current briefing schedule. Specifically, if the Court were not to allow the above-request for leave to take limited discovery, Youngtek would respectfully request that the time for it to file its Motion for Summary Judgment be enlarged from December 30, 2011 up to and including January 16, 2012.

10. Pursuant to LR7(l), the undersigned has conferred in good faith with counsel for Fraserside and has been advised that Fraserside will not consent to this motion.

11. Youngtek respectfully requests expedited relief in light of the impending briefing deadline.

## Conclusion

For the reasons outlined hereinabove, Youngtek respectfully requests that it be permitted to take limited discovery as outlined in paragraph 7 and that the deadlines be set as outlined in paragraph 8. In the alternative, Youngtek respectfully requests that the briefing schedule be modified as outlined in paragraph 9.

Respectfully submitted,

Youngtek Solutions, Ltd.,
By its attorneys,

/s/Evan Fray-Witzer
Evan Fray-Witzer, *pro hac vice*
Ciampa Fray-Witzer, LLP
20 Park Plaza, Suite 804
Boston, MA 02116
(617) 723-5630

Evan@CFWLegal.com

/s/Valentin Gurvits
Valentin Gurvits, *pro hac vice*
Boston Law Group, PC
825 Beacon Street, Suite 20
Newton, MA 02459
 (617) 928-1804
vgurvits@bostonlawgroup.com

/s/Jennifer E. Rinden
Connie Alt AT0000497
Jennifer E. Rinden AT0006606
 for
SHUTTLEWORTH & INGERSOLL, P.C.
500 US Bank Bldg., P.O. Box 2107
Cedar Rapids, IA 52406
PHONE: (319) 365-9461
FAX: (319) 365-8564
jer@shuttleworthlaw.com

COPY TO:

Chad Belville
Chad Belville Attorney at Law
P.O. Box 17879
Phoenix, AZ  85066

| CERTIFICATE OF SERVICE |
|---|
| The undersigned hereby certifies that a copy of this document was served upon counsel of record for each party to the action in compliance with FRCP 5 on December 19, 2011, by:<br>[ x ] Electronically via ECF for ECF registrants<br>[ ] U.S. Mail _____<br>[ ] Fax _____<br>[ ] Fed Ex _____<br>[ ] Hand Delivered _____<br>[ ] other _____<br> **Julie A. Miller** |