UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| Fraserside IP, LLC, </br>     Plaintiff, </br> v. </br> </br> Youngtek Solutions, Limited, d/b/a </br> Empflix, d/b/a www.empflix.com, dba </br> TNAFlix.com and www.tnaflix.com, </br> John Does 1-100 and John Doe </br> Companies 1-100, </br>     Defendants. | Docket No. 11-CV-03005-MWB |

**DEFENDANT YOUNGTEK SOLUTIONS, LTD.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON <u>PERSONAL JURISDICTION</u>**

**Table of Contents**

**Introduction**...................................................................................... 1
**Facts**................................................................................................... 1
**Argument**.......................................................................................... 3

    **I.**    **Summary Judgment Standard**..................................... 3

    **II.**   **Youngtek is Entitled to Judgment As a Matter of Law Because the Undisputed Facts Prove That The Court Lacks Personal Jurisdiction**........................................... 3

        **A.**   **Personal Jurisdiction Cannot Be Exercised Over Youngtek Based On Iowa's Long Arm Statute**............. 4

        **B.**   **Personal Jurisdiction Cannot Properly Be Premised on Fed. R. Civ. P. 4(k)(2)**.....................................10

    **Conclusion**............................................................................. 13

## Introduction

The present case is another in a series of actions brought by Plaintiff Fraserside IP, LLC against defendants who are neither located in – nor have any connection to – this forum. In this case, Fraserside IP *had* a full opportunity to conduct discovery and, having conducted such discovery, Fraserside IP continues to lack any evidence that Defendant is subject to personal jurisdiction in this Court.

Although defendant Youngtek Solutions, Ltd. ("Youngtek") has substantive defenses to the allegations raised in the Complaint, it brings the present motion based solely on personal jurisdiction grounds because, as the undisputed facts demonstrate, Youngtek lacks connections with Iowa or the United States which would subject it to jurisdiction in this Court. Because, as a matter of law, jurisdiction cannot be asserted over Youngtek consistent with the restrictions imposed by the Due Process Clause of the United States Constitution, it is entitled to summary judgment and the dismissal of the claims brought by Fraserside, IP.

## Facts

The undisputed facts (as they relate to the present motion) are as follows:

The Plaintiff, Fraserside IP, LLC is a wholly owned subsidiary of Fraserside Holdings, Ltd. ("Fraserside Holdings"), a Cyprus-based company. Statement of Undisputed Material Facts, ¶1 and Exhibit 1 thereto. Fraserside Holdings is, in turn, a wholly-owned subsidiary of Private Media Group, a publicly traded company, incorporated in Nevada and with corporate headquarters in Barcelona, Spain. Statement of Undisputed Material Facts, ¶2.

Fraserside IP did not exist as an Iowa company until October 20, 2010, when it was first incorporated in the state. Statement of Undisputed Material Facts, ¶3 and Exhibit 2 thereto. In less than 18 months, Fraserside IP has initiated 17 different lawsuits in this Court. None of the

1

named defendants have been Iowa residents or Iowa corporations. Statement of Undisputed Material Facts, ¶4. Youngtek, too, is a Cyprus-based company. . Statement of Undisputed Material Facts, ¶5.

Youngtek has no offices in Iowa and has never had any offices in Iowa. Youngtek has no telephone number in Iowa and has never had a telephone number in Iowa. Youngtek has no employees in Iowa and has never had any employees in Iowa. Youngtek has no agent for service of process in Iowa and has never had an agent for service of process in Iowa. Youngtek does not advertise in Iowa, nor has it ever advertised in Iowa. No Youngtek officer or director has ever visited Iowa. Youngtek does not aim or direct its websites towards Iowa, nor has it ever done so. Youngtek does not maintain servers in Iowa or the United States, nor has it ever maintained servers in Iowa or the United States. Statement of Undisputed Material Facts, ¶¶6-13.

In February of 2011, the time the alleged infringements took place, there was no way that Youngtek could have known that an Iowa entity claimed ownership of the copyrights allegedly infringed upon, because, at that time, the publically available records listed the Cyprian entity, Fraserside Holdings, as the owner of the copyrights at issue. Statement of Undisputed Material Facts, ¶14. In February of 2011, the time the alleged infringements took place, there was no way that Youngtek could have known that an Iowa entity claimed ownership of the trademarks allegedly infringed upon, because, at that time, the publically available records listed Cine Craft, Ltd., a Private Media Group subsidiary located in the United Kingdom, as the owner of the Trademarksat issue. Statement of Undisputed Material Facts, ¶15. Indeed, as of the date this litigation was initiated, searches of both the United States Copyright Office and United States Patent and Trademark Office still indicted that the Iowa entity, Fraserside IP, had registered no copyrights or trademarks. Statement of Undisputed Material Facts, ¶16.

2

**Argument**

I.     Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56(a), the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judge as a matter of law." The purpose of the summary judgment rule is to "isolate and dispose of factually unsupported claims . . . ." *Celotex Corp v. Catrett*, 477 U.S. 317, 323-324 (1986). To avoid summary judgment, Plaintiff cannot "rest upon mere denials or allegations in the pleadings . . . ." *Ruby v. Springfield R-12 Pub. Sch. Dist.*, 76 F.3d 909, 911 (8th Cir. 1996). Nor can they "simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, Plaintiff can avoid summary judgment only by designating specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). To satisfy this burden, Plaintiff must establish that a "reasonable jury could return a verdict for [Plaintiff] based on the evidence." *Noble v. Monsanto Co.,* 973 F. Supp. 849, 853 (S.D. Iowa 1997).

II.    Youngtek is Entitled to Judgment As a Matter of Law Because the Undisputed Facts Prove That The Court Lacks Personal Jurisdiction.

In its complaint, Fraserside IP cites – as the sole basis for personal jurisdiction over Youngtek - 28 U.S.C. § 1391. *See* Complaint, ¶4. Section 1391, of course, has nothing to do with personal jurisdiction, or jurisdiction at all, but rather is the federal venue statute.

Left to guess, Youngtek assumes that Fraserside IP intended to argue that jurisdiction over Youngtek can be premised either on Iowa's long arm statute (*see* Iowa Code § 617.3 and Iowa Rule of Civil Procedure 56.2) or Fed. R. Civ. P. 4(k)(2). Under either, the Court would need to conduct an analysis to determine if an exercise of personal jurisdiction over Youngtek comports with the Due Process clause of the United States Constitution. Because the undisputed

3

facts demonstrate that personal jurisdiction cannot be exercised over Youngtek as a matter of law, Youngtek is entitled to summary judgment.

> A.  Personal Jurisdiction Cannot Be Exercised Over Youngtek Based On Iowa's Long Arm Statute.

This Court "may assume jurisdiction over a foreign defendant only to the extent permitted by the forum state's long-arm statute and by the Due Process Clause of the Constitution." *Fraserside IP L.L.C. v. Hammy Media, Ltd.*, C11-3025-MWB, 2012 WL 124378 at *3 (N.D. Iowa Jan. 17, 2012) (hereinafter *Hammy Media*) (quoting *Dakota Indus., Inc. v. Ever Best Ltd.*, 28 F.3d 910, 915 (8th Cir. 1994)). Because Iowa's long arm statute extends jurisdiction to the limits of due process allowed by the United States Constitution, "the inquiry collapses into the single question of whether exercise of personal jurisdiction comports with due process." *Bell Paper Box, Inc. v. U.S. Kids, Inc. (Bell Paper I)*, 22 F.3d 816, 818 (8th Cir. 1994).

The Due Process Clause requires "minimum contacts" between the nonresident defendant and the forum state before the court may exercise jurisdiction over the defendant. *Coen v. Coen*, 509 F.3d 900, 905 (8th Cir. 2007) *citing World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980). This Circuit and this Court employ a five-part test for measuring minimum contacts: (1) the nature and quality of the contacts with the forum state; (2) the quantity of those contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties. *Hammy Media*, at *4 (citing *Coen*, 509 F.3d at 905). Factors one through three are primary. *Id.* "With respect to the third factor, we distinguish between specific jurisdiction and general jurisdiction. 'Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state,' while '[g]eneral jurisdiction . . . refers to the power of a state to

4

adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose.'"[1] *Coen*, 509 F.3d at 905 (citations omitted).

In analyzing whether specific jurisdiction can be based on the defendant having operated a website, the Eighth Circuit starts with the analytical framework laid out in *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997). *See Hammy Media*, at *5. In *Zippo*, the Court outlined a sliding scale whereby the Court would determine if a website was passive, interactive, or one which involved entering into contracts and the repeated and knowing transmission of computer files into the foreign jurisdiction. *Zippo*, at 1124. *See also Lakin v. Prudential Securities, Co.*, 348 F.3d 704, 710-12 (8th Cir. 2003); *Principal Financial Services, Inc. v. Big Finance and Insurance Services, Inc.*, 451 F. Supp. 2d 1046, 1056 (2006); *Lindgregn v. GDT, LLC*, 312 F. Supp. 2d 1125, 1130 (S.D. Iowa 2004).

In the Eighth Circuit, however, the Zippo test is but a starting point and the Court must also consider, "(1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts with the forum state; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing its residents a forum; and (5) the convenience of the parties." *Hammy Media*, at *9 (citing *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 592 (8th Cir. 2011)). *See also Lindgregn*, 312 F. Supp. 2d at 1130 (a court must consider "at a minimum… the nature and quality of the contacts and… their relation to the cause of action."). Regardless of whether the website is interactive or not, the *Lindgregn* Court emphasized "that personal jurisdiction requires 'purposeful conduct directed at the state.'" *Id.* at 1131 (quoting

---

[1] Given that Youngtek has no offices or employees in Iowa, owns no property in Iowa, has no telephone number, pays no taxes, maintains no servers, and has no agent for service of process in Iowa, there can be no argument that it has the requisite "continuous and systematic" contacts with Iowa necessary to assert general jurisdiction. *See*, *e.g.*, *Johnson v. American Leather Specialties, Corp.*, 565 F. Supp. 2d 1015 (N.D. Iowa 2008).

5

*ALS Scan, Inc. v. Digital Serv. Consult. Inc.,* 293 F.3d 707, 712-713 (4th Cir. 2002)). *See also Dryspace, Inc. v. Crawlspace Concepts, LLC,* 2011 U.S. Dist. 31007 (N.D. Iowa 2011).

In rejecting the Plaintiff's argument that jurisdiction could be based solely on the defendant's website, the *Lindgregn* Court stated that "while GDT's Web site is both commercial and interactive, the site is arguably no more directed at Iowa than at Uzbekistan." *Lindgregn,* 312 F. Supp. 2d at 1132. "The fact that someone who accesses defendants' Web site can purchase a Jean Jewel, does not render defendants' actions purposefully directed at this forum. …There is no evidence that GDT took any purposeful action towards Iowa – it did not direct any paid advertising to Iowa or solicit Iowa residents to visit its Web site. It merely processed the orders from Iowa customers who visited its site. Merely entering into a contract with a forum resident does not provide the requisite contacts between a nonresident defendant and the forum state." *Id*. (internal citations and quotation marks omitted).

Similarly, in *Viasystems, Inc. v. EBM-PAPST St. Georgen GmbH & Co.*, 2010 U.S. Dist. LEXIS 57871 (E.D. Miss. 2010), the court applied *Zippo*, as interpreted by the Eighth Circuit and concluded that the defendants' maintenance of its website – which was accessible by residents of Mississippi – could not support a finding of personal jurisdiction over the nonresident defendant no matter how many Missouri residents visited the website because the website did not allow visitors to make direct purchases, but rather redirected them to another website. *Id.* at *18 ("The Court therefore concludes that EBM is not carrying out 'systematic or continuous' business in Missouri through its website because the website (1) does not allow Missouri customers to enter into transactions with EBM, (2) does not contain any information targeted specifically at potential Missouri customers, as differentiated from potential U.S. customers generally, and (3) directs those potential Missouri customers who do wish to purchase

6

EBM products to EBM's United States affiliate, which in turn directs them to local distributors.") *See, also, P.S. Prods. v. Alibaba.com Inc.*, 2011 U.S. Dist. LEXIS 25948 (E.D. Ark. Mar. 10, 2011) (rejecting personal jurisdiction based on the defendant's website because the website did not directly enter into commercial transactions, but rather was simply a "portal that receives a fee for any purchase transacted as a result of the listing on the Website"); *David White Instruments, LLC. v. TLZ, Inc*., 2003 U.S. Dist. LEXIS 8375 (N.D. Ill. May 14, 2003) (rejecting personal jurisdiction where "visitors of robotoolz.com cannot purchase the allegedly infringing products from Toolz's website. Rather, consumers who wish to purchase an allegedly infringing product must visit an unaffiliated website, internationaltool.com.").

In the present case, the undisputed facts make clear that jurisdiction cannot be exercised over Youngtek under Iowa's long arm statute. Youngtek has no telephone number in Iowa, no employees in Iowa, no agent for service of process in Iowa, does not advertise in Iowa, has no servers in Iowa, does not aim or direct its websites towards Iowa, and has no officers or directors who have visited Iowa. Statement of Material Undisputed Facts, ¶¶7-12.

Nor can personal jurisdiction be premised on the allegation that infringement of Fraserside IP's intellectual property would cause injury in Iowa. *Amerus Group Co. v. Ameris Bancorp.*, 2006 U.S. Dist. 32722 (S.D. Iowa 2006) (in answering "the question of whether, standing alone, the 'effects' of a tortious act can subject a defendant to personal jurisdiction in a forum where no other contacts exist. This Court holds it cannot. …*Calder*[2] did not carve out a special intentional torts exception to the traditional specific jurisdiction analysis, so that a plaintiff could always sue in his or her home state.") *See also Dryspace, Inc. v. Crawlspace Concepts, LLC,* 2011 U.S. Dist. 31007 (N.D. Iowa 2011) ("Although the Court accepts as true Plaintiff's allegations that Defendant intentionally infringed Plaintiff's registered trademark, this

---

[2] *Calder v. Jones*, 465 U.S. 783 (1984).

7

allegation alone fails to show how Defendant uniquely or expressly aimed its tortious acts at Iowa. …Thus, Plaintiff has failed to demonstrate that Defendant's acts were performed for the very purpose of having their consequences felt in the forum state") (internal quotation marks and citations omitted); *Lindgregn v. GDT, LLC*, 312 F. Supp. 2d 1125, 1130 (S.D. Iowa 2004) (in holding that personal jurisdiction could not be based on the defendants' website, which the plaintiff alleged violated the plaintiff's copyrights, causing harm in Iowa, the Court noted that "the Eight Circuit clearly has refused to abandon the traditional minimum contacts test when relying on *Calder*. …although the defendants' alleged harmful activities may have harmed the plaintiff in Iowa, absent additional contacts, this effect alone was not sufficient to bestow personal jurisdiction in Iowa.").

     The undisputed facts demonstrate that Youngtek has not undertaken intentional acts which were "uniquely or expressly aimed at" Iowa, that the brunt of the harm was suffered in Iowa, or that Youngtek could have known that the brunt of the harm would be suffered in Iowa. *See Hammy Media*, at *8 (allegations of intentional infringement "fail to demonstrate that [website] 'uniquely or expressly aimed' its tortious acts at Iowa." (quoting *Johnson v. Arden*, 614 F.3d 785, 796 (8th Cir. 2010))). The Youngtek websites are no more "aimed at Iowa" than they are aimed at New York, Madrid, Hong Kong, or any other place in the world where the internet is available. *Id.* at *8 (holding that even if a "website is both commercial and interactive … such a website 'is arguably no more directed at Iowa than at Uzbekistan.'" (quoting *Lindgregn,* 312 F. Supp. 2d at 1131)). *Most importantly, it would have been impossible for Youngtek to have suspected that any harm (much less the brunt of it) would be felt in Iowa, given that – at the time of the alleged infringement – all of the copyrights and trademarks at issue were registered not to Fraserside IP, but rather Fraserside Holdings, Ltd. (a Cyprus Corporation),*

8

*Milcap Media, Ltd. (a Cyprus Corporation), and Cine Craft, Ltd. (a UK Corporation).* See Statement of Undisputed Material Facts, ¶¶ 14-16.

And, indeed, under Eighth Circuit precedent, even if Fraserside IP had adduced any evidence that Youngtek knew that the brunt of the effects would be felt in Iowa (which it clearly did not), such "effects" would be insufficient without more to establish jurisdiction over them. *Zuffa, LLC v. Showtime Networks, Inc.*, 2007 U.S. Dist. LEXIS 60711 (D. Nev. 2007) (knowledge that copyright holder was located within the jurisdiction "by itself fails to establish that Showtime and ProElite individually targeted Plaintiff"); *Amerus Group Co. v. Ameris Bancorp*, 2006 U.S. Dist. LEXIS 32722 (S.D. 2006) (discussing whether, under Eighth Circuit precedent, "standing alone, the 'effects' of a tortious act can subject a defendant to personal jurisdiction in a forum where no other contacts exist. This Court holds it cannot"); *Principal Fin. Servs. v. Big Fin. & Ins. Servs.*, 451 F. Supp. 2d 1046, 1059-1061 (S.D. Iowa 2006) ("Given the complete absence of any substantial connection between Big Finance and the state of Iowa, the Court cannot exercise jurisdiction solely because the effects of the alleged injury may be most strongly felt in Iowa"); *Express Scripts, Inc. v. Care Continuum Alliance, Inc.*, 2011 U.S. Dist. LEXIS 61157, *12 (D. Miss. 2011) ("Even if plaintiffs adduced evidence that Care Continuum knew Express Scripts owned the mark and resided in Missouri, this fact alone this would be insufficient to confer personal jurisdiction under Calder; because there is no evidence that Care Continuum ever targeted this state or had any other contacts with it.").[3]

---

[3] The Express Scripts case is particularly on point. There, the two Plaintiffs were a Missouri-based parent company (Express Scripts) and its wholly-owned subsidiary (CuraScript), which owned the trademarks in question. Although CuraScript was not itself headquartered in Missouri, it maintained a place of business in Missouri, had senior corporate officers located in Missouri, and conducted administrative activities in Missouri. Id. at *10. Nevertheless, the Court rejected jurisdiction in Missouri based on Eighth Circuit precedent, holding that – even though CuraScript maintained a presence in Missouri – such evidence was "insufficient for me to conclude that CuraScript will feel the effects of any mark infringement here. Its contacts are simply too limited." The Court went on to hold that "the Eighth Circuit has narrowly construed the Calder effects test, holding that 'mere effects in the forum state are insufficient to confer personal jurisdiction.'" Id. at *10-11, citing Johnson, supra. "Instead, plaintiff must present

9

Because the undisputed facts demonstrate that personal jurisdiction cannot be asserted over Youngtek under Iowa's long arm statute, consistent with the provisions of the Due Process clause, Youngtek is entitled to judgment as a matter of law.

B.        <u>Personal Jurisdiction Cannot Properly Be Premised on Fed. R. Civ. P. 4(k)(2)</u>

Although not actually alleged in Fraserside IP's complaint, based on Fraserside IP's recent attempts to assert jurisdiction over non-resident defendants in other cases pending before this Court pursuant to Fed. R. Civ. P. 4(k)(2), Youngtek assumes that Fraserside IP may make similar arguments here. Even if it does, however, such arguments will prove unavailing.[4]

In order to base jurisdiction on Rule 4(k)(2), Fraserside IP was required to prove *both* that "(A) the defendant is not subject to any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws." Fed. R. Civ. P. 4(k)(2); <u>Ackerman v. Global Vehicles U.S.A., Inc.</u>, 2012 U.S. Dist. LEXIS 26816, 14-15 (E.D. Mo. 2012); <u>Precision Assocs. v. Panalpina World Transp.,</u> 2011 U.S. Dist. LEXIS 51330, 151-154 (E.D.N.Y. 2011)("the plaintiff has the burden of making out a prima facie case of all the elements of Rule 4(k)(2), including a certification that 'based on the information that is readily available to the plaintiff and his counsel, the defendant is not subject to suit in the courts of general jurisdiction of any state.'")

Here, the undisputed evidence demonstrates that Fraserside IP cannot meet either prong of the Rule 4(k)(2) test. First, the Plaintiff has failed to allege or prove that Youngtek is not subject to jurisdiction anywhere in the United States. This alone is sufficient to defeat the

---

some evidence that defendants had other contacts with the forum state, and intentionally aimed their tortious activities to that state for the very purpose that their effects would be felt in that state. ...Here, there is no evidence that Care Continuum directly targeted any alleged mark infringement at Missouri, knowing the brunt of the infringement would be felt here." Id. at 12.

[4] It should be noted that "since Rule 4(k)(2) was enacted," there have been scant few cases in which any circuit court has concluded that Rule 4(k)(2) conferred jurisdiction over a foreign defendant. <u>Liberty Media Holdings, LLC v. Vinigay.com</u>, 2011 U.S. Dist. LEXIS 153615, 37-38 (D. Ariz. 2011).

10

Plaintiff's claim of jurisdiction under the Rule. Ackerman, supra ("Here, Plaintiffs' argument fails because Plaintiffs do not allege, much less satisfy their burden to establish that Mahindra is not subject to any state's courts of general jurisdiction").

More to the point, Fraserside has not adduced any evidence which would prove sufficient minimum contacts as between Youngtek and the United States to permit an exercise of personal jurisdiction over the Defendant. Cepia, L.L.C. v. Alibaba Group Holding Ltd., 2011 U.S. Dist. LEXIS 129126, 19-20 (E.D. Mo. 2011) ("Due process analysis concerning jurisdiction under Rule 4(k)(2) must be focused on whether the 'defendant purposely directed its activities at residents of the forum, and whether litigation results from alleged injuries that arise out of, or relate to those activities.' Again, Plaintiff has not shown Alibaba Holding has purposely directed its activities at Missouri. ...Therefore, jurisdiction under Federal Rule of Civil Procedure 4(k)(2) is not proper in this case") *1st Technology, LLC v. Digital Gaming Solutions, S.A.,* 2009 U.S. Dist. LEXIS 27786 (E.D. Mo. 2009)("Whether the exercise of jurisdiction is consistent with the Constitution depends on whether the defendant has sufficient contacts with the United States as a whole to justify the exercise of personal jurisdiction under the Due Process Clause of the Fifth Amendment. ...Once again, the question of due process concerns whether the foreign defendant purposefully directed his activities at residents of the forum, and whether the litigation results from alleged injuries that arise out of, or relate to those activities"); *Renaissance Pen Company v. Krone, LLC*, 2006 U.S. Dist. LEXIS 21794 (E.D. Mo. 2006)("Here, the existence of jurisdiction is not consistent with the Constitution. Defendant does not have the minimum contacts with any state, nor the United States as a whole, required to satisfy personal jurisdiction.")

11

Case 3:11-cv-03005-MWB-LTS   Document 47-1   Filed 04/19/12   Page 12 of 15

In the present case, the undisputed facts demonstrate that Youngtek does not: own property in the United States; have employees in the United States; pay taxes in the United States; maintain a bank account in the United States; advertise in the United States; direct its websites at the United States; or maintain servers in the United States. Indeed, no officer or director of Youngtek has ever visited the United States. Statement of Undisputed Material Facts, ¶¶7-12.

To overcome this wholesale lack of connection with the United States, Fraserside points only to the fact that Youngtek's websites are accessible in the United States. As a matter of law, however, this argument is an insufficient basis for the assertion of jurisdiction over Youngtek. As this Court held in *Fraserside IP L.L.C. v. Hammy Media, LTD*, 2012 U.S. Dist. LEXIS 5359 (N.D. Iowa Jan. 17, 2012):

> Although xHamster's website is both commercial and interactive, as an Iowa district court noted in a case presenting similar facts, such a website "is arguably no more directed at Iowa than at Uzbekistan*."* *Lindgregn v. GDT, LLC*, 312 F. Supp. 2d 1125, 1131 (S.D. Iowa 2004). The district court concluded that because the website could be accessed anywhere, including Iowa, "its existence does not demonstrate an intent to purposefully target Iowa." *Id*.; *see ESAB Group, Inc. v. Centricut, L.L.C.,* 34 F. Supp. 2d 323, 331 (D.S.C. 1999) ("While it is true that anyone, anywhere could access Centricut's home page, including someone in South Carolina, it cannot be inferred from this fact alone that Centricut deliberately directed its efforts toward South Carolina residents."). Thus, I conclude that Fraserside has failed to demonstrate that xHamster's actions were "performed for the very purpose of having their consequences felt in the forum state." *Dakota Indus.,* 946 F.2d at 1390-91 (*quoting Brainerd*, 873 F.2d at 1260).[5]

*See also 1st Technology, LLC v. Digital Gaming Solutions, S.A.*, 2009 U.S. Dist. LEXIS 27786 (E.D. Mo. 2009)("the mere operation of a commercially interactive website should not subject the operator to jurisdiction anywhere in the world")(collecting cases and finding also that advertising hyperlinks located on the website did not support jurisdiction even if the links

---

[5] Although this Court's analysis was pursuant to Iowa's long arm statute and not Fed. R. Civ. P. 4(k)(2), the Due Process Clause portion of the analysis is, of course, identical. *See, e.g., 1st Technology, LLC v. Digital Gaming Solutions, S.A.*, 2009 U.S. Dist. LEXIS 27786 (E.D. Mo. 2009)(summarily rejecting Plaintiff's 4(k)(2) jurisdictional argument because the due process analyses were identical).

12

directed users to websites run by entities within the jurisdiction).

Here, too, because the Undisputed Material Facts prove only that Fraserside has no contacts with the United States sufficient to support jurisdiction under Fed. R. Civ. P. 4(k)(2), Youngtek is entitled to judgment as a matter of law in its favor.

## Conclusion

For the reasons stated herein, Youngtek respectfully requests that the Court enter Summary Judgment in its favor and dismiss the present action for lack of personal jurisdiction.

> Respectfully submitted,
> Youngtek Solutions, Ltd.,
> By their attorneys,
>
> /s/Evan Fray-Witzer
> Evan Fray-Witzer, *pro hac vice*
> Ciampa Fray-Witzer, LLP
> 20 Park Plaza, Suite 804
> Boston, MA 02116
> (617) 723-5630
> Evan@CFWLegal.com
>
> /s/Valentin Gurvits
> Valentin Gurvits, *pro hac vice*
> Boston Law Group, PC
> 825 Beacon Street, Suite 20
> Newton, MA 02459
> (617) 928-1804
> vgurvits@bostonlawgroup.com
>
> /s/Jennifer E. Rinden
> Connie Alt             AT0000497
> Jennifer E. Rinden     AT0006606
> SHUTTLEWORTH & INGERSOLL, P.C.
> 500 US Bank Bldg., P.O. Box 2107
> Cedar Rapids, IA 52406
> PHONE:    (319) 365-9461
> FAX:      (319) 365-8564
> jer@shuttleworthlaw.com

ECF CERTIFICATE OF SERVICE

    I, Evan Fray-Witzer, hereby certify that on April 19, 2012, a copy of the above document was served on Chad Bellville, attorney for the plaintiff, through the Court's ECF system in accordance with FRCP 5.

                                      /s/ Evan Fray-Witzer

14

Case 3:11-cv-03005-MWB-LTS   Document 47-1   Filed 04/19/12   Page 15 of 15