Chad Belville IA Bar 015731
4742 North 24th Street Suite 315
Phoenix, AZ 85016
602-904-5485
FAX 602-297-6953
cbelville@azbar.org
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| FRASERSIDE IP LLC, <br> An Iowa Limited Liability Company <br> <br> vs. <br> <br> Youngtek Solutions Limited, dba EmpFlix, <br> Dba TnaFlix, dba TnaFlix.com and John Does <br> 1-100 and John Doe Companies 1 - 100 | No. 11-cv-03005-MWB <br> <br> RULE 56 MOTION TO <br> DEFER CONSIDERATION OF <br> MOTION FOR SUMMARY <br> JUDGMENT AND MOTION <br> TO ALLOW ADDITIONAL <br> DISCOVERY <br> <br> *ORAL ARGUMENT REQUESTED* |

Defendant has filed a Motion for Summary Judgment with this Court while simultaneously pretending to negotiate a protective order to provide the very information that would enable Plaintiff to respond to the Motion. Under Rule 56(d), F.R.Civ.P. (formerly, Rule 56(f)), the Court may defer consideration of the Motion for Summary Judgment and may permit additional time for discovery. Plaintiff requests that the Court do so.

### I.  STATEMENT OF FACTS

Plaintiff is the owner of copyrights in high quality brand driven adult motion picture films, and the holder of familiar trademarks, including a depiction of two female silhouettes, the Private and Private Gold Labels and the Private Life. Due to the promotion of these films and trademarks, the purchasing public has come to know, rely upon and recognize these marks as an

1

international brand of high quality entertainment. Plaintiff filed this suit alleging infringement of its copyrights and trademarks by Defendant on its websites, emplix.com and tnaflix.com.

Defendant moved to dismiss alleging lack of personal jurisdiction and alleging that Plaintiff did not own the copyrights and trademarks sued on. The Motion to Dismiss asked the Court to consider matters outside the pleadings. Accordingly, on December 2, the court entered an order (Doc. No. 42) converting the motion to dismiss to a motion for summary judgment, and directing the defendant to refile as a motion for summary judgment by December 30, 2011. Defendant requested leave to take limited discovery to assist in the preparation of the summary judgment motion. (Doc. No. 44) The Court denied that motion, and instead ordered Defendant to file an answer by December 30, 2011, and noted that the current scheduling order permitted discovery through April 16, 2012 and the filing of dispositive motions on or before May 15, 2012.

Defendant did not conduct any discovery at all, even though it had filed a motion to do so. (Exhibit M Affidavit of Chad Belville) Plaintiff then issued discovery requests, including requests for admissions and interrogatories concerning the issue of personal jurisdiction. The discovery responses were due on April 11, 2012. That day, Defendant requested an additional 10 days to respond. (Exhibit A, Email from Defense Counsel Connie Alt April 11, 2012) Plaintiff stated that it would agree if there was a joint request to extend discovery, since the discovery responses might require follow up clarification or give rise to the need for other information. Rather than agree to an extension, Defendant indicated that it would complete the discovery responses that night. Defendant then only sent responses to the requests for admissions after midnight Iowa time on April 12, but did not respond to the interrogatories. In an email from

2

Defendant counsel April 12, 2012, Defendant stated it would answer them on the discovery deadline date, April 16. (Exhibit B Email to Connie Alt April 12 2012)

Based on the responses to the requests for admissions, Plaintiff requested access "to the websites' Google Analytics and log files, particularly if your client intends to raise the jurisdiction issue. (Exhibit B Email to Connie Alt April 12, 2012) Google Analytics will show how much website traffic came from Iowa, so unless your client agreed to waive jurisdiction, we will need discovery" concerning that issue. Plaintiff again requested a joint motion to extend discovery on these issues. (*Id*).

Defendant delivered its responses to interrogatories after midnight Iowa time on April 17, 2012. Defendant's answers to interrogatories declined to answer certain questions, stating that "Youngtek will provide the requested information upon the entry of a mutually agreeable confidentiality order or similar court-ordered protective order." (Exhibit K, Defendant Youngtek Solutions, Ltd's Answers to Interrogatories) The morning of April 17, 2012, Defendant counsel emailed a proposed protective order. (Exhibit D Email from Val Gurvits April 17, 2012) Plaintiff agreed to the form of the order on April 18, but on April 19, without ever responding to the request for extension, or providing the discovery it declined to provide without a protective order, Defendant filed its Motion for Summary Judgment. Observing the time of the filing in this Court, it would seem obvious Defendant had no intention of providing requested discovery.

Among the Interrogatories that were not answered were two seeking information regarding Defendant's contacts in the United States and, in particular, Iowa. Interrogatory 20 requested "the billing solutions, payment processors, and banking vendors used by Youngtek, 3 AM B.V., Emitrust Limited" including the name and branch location. Interrogatory 21 sought "related vendors and third-party vendors or advertisers that have appeared on the websites

3

empflix.com and tnaflix.com since January 1, 2008" including the name and company location of each. (Exhibit L, Defendant Youngtek Solutions Ltd.'s Responses to Interrogatories)

In addition, the interrogatories requested information "concerning software and/or services used by Youngtek Solutions Ltd., its agents or assigns, to monitor, review, target or analyze traffic or portions of traffic on websites it owns, controls, has an interest in, or manages." It also asked for information concerning the data and metrics produced. The response was the bare minimum: "Google Analytics tracks website traffic for tnaflix.com and empflix.com."

## II. THE COURT SHOULD DEFER CONSIDERATION OF THE MOTION PENDING FURTHER DISCOVERY

### A. Plaintiff Has Shown the Need For Discovery Not in its Possession

Rule 56(d), F.R.Civ.P. provides:

<u>When Facts Are Unavailable to the Nonmovant</u>. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
(1) defer considering the motion or deny it;
(2) allow time to obtain affidavits or declarations or to take discovery; or
(3) issue any other appropriate order.

The purpose of Rule 56(d) (formerly Rule 56(f)) is "to provide an additional safeguard against an improvident or premature grant of summary judgment[.]" *United States ex rel. Bernard v. Casino Magic Corp.*, 293 F.3d 419, 426 (8th Cir. 2002)(citation and internal quotation marks omitted). "[T]he rule should be applied with a spirit of liberality." *Id*. "Although discovery need not be complete before a case is dismissed, summary judgment is proper only if the nonmovant has had adequate time for discovery." *Robinson v. Terex Corp.*, 439 F.3d 465, 467 (8th Cir.2006). "To this end, Rule 56(f) allows a party to request a delay in granting summary judgment if the party can make a good faith showing that postponement of the ruling would enable it to discover additional evidence which might rebut the movant's showing of the

4

absence of a genuine issue of material fact." *Rakes v. Life Investors Ins. Co. of Am.*, 622 F. Supp. 2d 755, 763 (N.D. Iowa 2008) aff'd, 582 F.3d 886 (8th Cir. 2009).

This Court's local rules require that a party seeking relief under Rule 56(d) to provide by affidavit the discovery that is needed. Local Rule 56.h. Per the attached affidavit of undersigned counsel, Plaintiff seeks complete answers to the Interrogatories <u>already propounded to Defendant</u>, which answered them late and demanded a protective order. The protective order was agreed to by Plaintiff's counsel, then <u>after filing the Motion for Summary Judgment</u> Defendant signed the protective order and sent it to Plaintiff's counsel. (Exhibit M, Affidavit of Chad Belville; Exhibit G, Protective Order signed by Defense Counsel Val Gurvits April 24, 2012)

In addition, the bare bones answer of Defendant that it uses Google Analytics is insufficient as well. Plaintiff has requested the Google Analytics (by way of a follow up to the answers to requests for admission) which will show how much website traffic came from Iowa. Plaintiff, to assure that it actually gets the information, has also prepared a subpoena of such information directly from Google Analytics. This will give Plaintiff statistical information about the number of Iowa visitors or subscribers to Defendant's websites, and the quality of such contacts. (Exhibit M, Affidavit of Chad Belville)

**B.     Defendant Has Not Been Truthful In Its Discovery Responses**

Plaintiff also requests an extension of discovery due to the lack of candor by Defendant. Plaintiff requested information regarding employees of Defendant to determine (among other things) whether it had employees in the United States. In Interrogatory 16(e), Plaintiff asked for the residence of and employment information concerning David Sierra. Defendant failed to

5

provide a residence, and simply asserted that "David Sierra was a contractor who performed minor development work."

However, David Sierra, who is located in Florida, claimed to be an employee of Defendant both by a website advertising his services and on his LinkedIn page. (Exhibit H, Web page InDrove Studios; Exhibit I, Dave Sierra LinkedIn page) Further, Plaintiff asked about Daniel Oded in Interrogatory 16(c). While Defendant states that Oded merely "performs advertising brokerage services for Youngtek, Ltd.," in fact, according to the properties of document filed with a court in Cyprus, Oded is the author of a Youngtek Solutions Ltd. court pleading document filed in Cyprus Court by Youngtek against Fraserside's Cyprus sister company. (Exhibit J, Youngtek v. Fraserside Document authored by Daniel Oded, Exhibit M Affidavit of Chad Belville)

Based on these inconsistencies or lack of candor, Plaintiff wishes to conduct additional discovery with third parties to assure that it is receiving accurate information. The specific additional discovery Plaintiff seeks are depositions of Daniel Oded, David Sierra, Avi Hai Gruenbaum, Arjan Wijnveen, Ofer Eshad, Leigh Smith, and Koks Skoullos. Further, Google Analytics reports from Google, and verification from third parties regarding billing solutions, advertisers, employees, contractors, hosts and host information, and affiliates of Defendant. (Exhibit M, Affidavit of Chad Belville).

### III. SUMMARY

Defendant propounded no discovery requests upon Plaintiff even after filing a motion for discovery; stonewalled requests for additional discovery prior the end of discovery until the discovery period had closed; and provided evasive or possibly untrue responses to legitimately propounded requests; then filed a Motion for Summary Judgment without providing potentially

6

dispositive information. Because of the incomplete answers provided by Defendant to Plaintiff's interrogatories, the unfulfilled requests for additional information prior to the end of discovery, and because some of the answers show a lack of candor or outright cover up, the Court should permit additional discovery and extend the discovery time until June 15, 2012, and should delay consideration of the motion for summary judgment, providing Plaintiff until June 30, 2012 to file its response to Defendant's Motion.

Date: April 25, 2011

Respectfully submitted,

By: /s/ Chad L. Belville
Chad Belville, Attorney at Law
Iowa Bar # 015731
4742 North 24th Street Suite 315
Phoenix, AZ 85016

P.O. Box 17879
Phoenix, AZ 85011
Telephone: 602-904-5485
FAX: 602-297-6953
Email cbelville@azbar.org

ATTORNEY FOR PLAINTIFF

### Certificate of Service

I, Chad Belville, Attorney for Plaintiff, hereby certify that on April 25, 2012 a copy of this Rule 56 Motion was served upon the Attorneys for Defendants, listed as Connie M. Alt, Jennifer Rinden, Valentin Gurvits, and Evan Fray-Witzer, through the Court's Electronic Case Filing System.

/s/ Chad L. Belville

EXHIBIT LIST

A. Email from Defense Counsel Connie Alt April 11, 2012

B. Email to Connie Alt April 12, 2012

C. Email from Defense Counsel Fray-Witzer April 16, 2012

D. Email from Defense Counsel Val Gurvits April 17, 2012

E. Email from Val Gurvits April 24, 2012 First

F. Email from Val Gurvits April 24, 2012

G. Protective Order Signed by Val Gurvits April 24, 2012

H. InDrove Webpage showing Dave Sierra employed by Youngtek Solutions Ltd.

I. Dave Sierra LinkedIn page showing Dave Sierra employed by Youngtek Solutions Ltd.

J. Youngtek v. Fraserside Ltd. Cyprus court document authored by Daniel Oded

K. Defendant Responses to Request for Admissions

L. Defendant Responses to Interrogatories

M. Affidavit of Chad Belville