Chad Belville IA Bar 015731
4742 North 24th Street Suite 315
Phoenix, AZ 85016
602-904-5485
FAX 602-297-6953
cbelville@azbar.org
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| FRASERSIDE IP LLC,<br>    An Iowa Limited Liability Company<br><br>vs.<br><br><br>Youngtek Solutions Limited, dba EmpFlix,<br>Dba TnaFlix, dba TnaFlix.com and John Does<br>1-100 and John Doe Companies 1 - 100 | No. 11-cv-03005-MWB<br><br>AFFIDAVIT OF CHAD BELVILLE<br>IN SUPPORT OF PLAINTIFF'S<br>RULE 56 MOTION |

I, Chad Belville, being duly sworn, aver and state:

1. I am the attorney of record for Plaintiff in this action.

2. Defendant filed a motion seeking discovery in this matter December 19, 2011 (Doc. 44).

3. As of today's date, Defendants have not propounded any discovery requests upon Plaintiff.

4. I propounded to Defendant certain Interrogatories and Requests for Admission, to which responses were due on April 11, 2012.

5. On April 11, 2012, Defendant requested via e-mail an additional 10 days to respond. In my e-mailed response I stated I would agree if there was a joint request to extend

1

discovery, since the discovery responses might require follow up clarification or give rise to the need for other information. Rather than agree to joint request for extension of discovery, Defendant indicated that it would complete the discovery responses that night. It did not do so. Instead, Defendant sent responses to the requests for admissions after midnight Iowa time on April 12, but did not respond to the interrogatories. In an e-mail sent April 12, 2012, Defendant's counsel stated responses would be delivered on the discovery deadline date, April 16.

6. Based on the responses to the requests for admissions, I e-mailed Defendant's counsel to request access "to the websites' Google Analytics and log files, particularly if your client intends to raise the jurisdiction issue." This request, sent via e-mail April 12, 2012, was ignored until denied in an e-mail sent from defense counsel April 24, 2012.

7. Plaintiff seeks discovery from Defendant concerning Google Analytics from Google Analytics directly. This will give Plaintiff trustworthy statistical information about the number of Iowa visitors or subscribers to Defendant's websites, and the quality of such contacts.

8. Plaintiff seeks discovery from Defendant's hosting company(ies). This will give Plaintiff information about the number of Iowa visitors or subscribers to Defendant's websites, and the quality of such contacts.

9. Plaintiff sought discovery from Defendant concerning billing solutions, advertisers, employees, contractors, hosts and hosting information, and affiliates of Defendant. This information will show the contacts Defendant has with United States and in particular, Iowa persons and/or entities.

10. Defendant's answers to interrogatories declined to answer certain questions, stating that "Youngtek will provide the requested information upon the entry of a mutually agreeable confidentiality order or similar court-ordered protective order." Defendant e-mailed a

proposed protective order on April 17, 2012. In a responsive e-mail, I agreed to the form of the order on April 18.

11. Defendant then filed their Motion for Summary Judgment on April 19, 2012, without providing any of the requested or promised additional discovery.

12. Defense Counsel delivered a signed copy of the proposed protective order April 24, 2012 via e-mail. The document was signed by defense counsel Val Gurvits and hand-dated April 24, 2012.

13. Defense counsel responded to the April 12, 2012 request for additional information by denying the request in an e-mail sent April 24, 2012.

14. Plaintiff has discovered inconsistent and possibly deceptive or outright intentionally incorrect responses. Plaintiff requested information as to David Sierra, who is located in Florida, and is listed as an employee of Defendant both by a website advertising his services and on his LinkedIn page. Defendant's answers to interrogatories say nothing about his location and attempt to characterize him as a minor contract worker. Evidence of an employee in Florida contradicts Defendant's claim that it has no employees in the United States nor has it had employees in the United States.

15. Plaintiff requested information about Daniel Oded in Interrogatory 16(c). While Defendant states that Oded merely "performs advertising brokerage services for Youngtek, Ltd.," in fact, evidence obtained by Plaintiff shows Daniel Oded is the author of a court document filed in a Cyprus court by Youngtek against Fraserside's sister company in Cyprus, which is very inconsistent with a person who "performs advertising brokerage services for Youngtek Ltd."

16. Plaintiff specifically requested additional information in the form of log files from Defendant servers and Google Analytics. These requests have been denied.

3

17. Requests for information regarding third parties, propounded in original interrogatories, requesting information about billing solutions, advertisers, employees, contractors, hosts and hosting information, and affiliates of Defendant were met with incomplete information, erroneous information, or Defendant simply refused to answer.

18. Plaintiff seeks verified information from all of its original discovery requests and depositions of David Sierra, Daniel Oded, Avi Hai Gruenbaum, Arjan Wijnveen, Ofer Eshad, Leigh Smith, and Koks Skoullos.

Further, Affiant sayeth not.

*(signature)*

Chad Belville, Attorney at Law
Attorney for Plaintiff

Subscribed and sworn to before me, this 25th day of April, 2012.

My commission expires:

6-22-2015

*(signature)* Roonie McFarland
NOTARY PUBLIC

OFFICIAL SEAL
ROONIE McFARLAND
NOTARY PUBLIC - State of Arizona
MARICOPA COUNTY
My Comm. Expires June 22, 2015

4