UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| Fraserside IP, LLC, )<br>       Plaintiff, )<br>v. )<br> )<br>Youngtek Solutions, Limited, d/b/a )<br>Empflix, d/b/a www.empflix.com, dba )<br>TNAFlix.com and www.tnaflix.com, )<br>John Does 1-100 and John Doe )<br>Companies 1-100, )<br>       Defendants. )<br> ) | Docket No. 11-CV-03005-MWB |

**DEFENDANT YOUNGTEK SOLUTIONS, LTD'S RESISTANCE TO PLAINTIFF'S RULE 56 MOTION TO DEFER CONSIDERATION OF MOTION FOR SUMMARY JUDGMENT AND MOTION TO ALLOW ADDITIONAL DISCOVERY**

**Table of Contents**

**Introduction**.................................................................................................. 2
**Background**................................................................................................... 2
**Argument**..................................................................................................... 4

    **I.**    **The Rule 56(d) Standard**..................................................... 4

    **II.**   **Fraserside IP Has Offered No Explanation For Its Failure To Conduct The Discovery It Now Claims To Need** ................... 6

    **III.**  **Fraserside IP Has Not Demonstrated The Specific Relevant Facts Which Additional Discovery Would Yield**.........................10

    **IV.**  **Fraserside IP Has Not Demonstrated That Additional Discovery Will Allow It To Escape Summary Judgment On Jurisdictional Grounds.)**...................................................10

    **Conclusion**................................................................................. 12

## Introduction

Woulda. Coulda. Shoulda.

Dismayed by its own inexplicable failure to take the discovery it now claims to need to fend off Youngtek Solutions Ltd.'s ("Youngtek") Motion for Summary Judgment, Plaintiff Fraserside IP, LLC ("Fraserside IP") urges the Court to ignore its own long-standing discovery deadline (and dispositive motion deadline) and instead allow Fraserside IP to take eight depositions and serve seemingly limitless non-party subpoena duces tecum on unnamed entities, seeking documents which Fraserside IP could have – but did not – seek during the actual discovery period. This is simply not how the litigation process works. Although it is understandable that Fraserside IP wants to press the "redo" button on the discovery process, it has presented the Court with no explanation as to why it failed entirely to take such discovery prior to the applicable discovery and dispositive motion deadlines. Because Fraserside IP's failings are entirely of its own making and because the discovery sought will not, in any event, permit Fraserside IP to avoid summary judgment, its Motion should be denied. In support of this Resistance, Youngtek states as follows.

## Background

The present case is one of seventeen near-identical boilerplate complaints brought by Plaintiff Fraserside IP against defendants who are neither located in – nor have any connection to – this forum. In *this* case, the Defendant Youngtek is a Cyprus-based company without any ties to Iowa.

Fraserside IP (itself a wholly-owned subsidiary of Cyprus-based Fraserside Holdings, Ltd.) initiated the present action on or about February 17, 2011. On August 2, 2011, Youngtek filed a motion to dismiss, based on multiple grounds including a lack of personal jurisdiction in

2

Iowa over Youngtek, as well as questions concerning the ownership of the intellectual property at issue in this case. On August 29, 2011, a scheduling order and discovery plan was entered by this Court, setting a discovery deadline of April 16, 2012 and a summary judgment deadline of May 15, 2012.

On December 2, 2011, and because the issue of ownership of the intellectual property would require consideration of documents outside of the complaint, the Court ordered the Motion to dismiss to be refiled as a motion for summary judgment. On December 19, 2011, Youngtek sought leave of the Court to take limited discovery concerning the ownership of the intellectual property. The Court denied this request, ruling instead that *all parties* should complete their discovery by the April 16, 2012 deadline and that summary judgment motions should be filed thereafter.

Because it determined that its personal jurisdiction arguments were dispositive of the case, Youngtek decided that it did not need to take additional discovery.

During the discovery period, Fraserside IP took no depositions, served no document requests, and sought no discovery from any third party. On March 12, 2012, however, Fraserside IP served Youngtek by email with Interrogatories and Requests for Admissions. On April 12, 2012, Youngtek responded to Fraserside's 180 separate requests for admissions.[1] On April 17, 2012, Youngtek served Fraserside with its Answers to Interrogatories.[2]

Even though Fraserside IP requested far more than the permissible number of interrogatories (including subparts), Youngtek answered all of the interrogatories. With respect

---

[1] The responses were actually served at 2:45 Eastern Time. Counsel for Fraserside IP is located in Arizona and, as such, was served with the responses at 11:45 p.m. on April 11, 2012, his time. Plaintiff's attempts to complain about this "delay" in response do not merit any serious response.
[2] Again, because of Fraserside IP's counsel's locations, these were actually received by him on April 16, 2012, his time.

3

to a very small number of interrogatory answers, however, it redacted some limited information on the basis of confidentiality.

On April 17, 2012, Youngtek contacted Fraserside IP and stated that it would provide the redacted information pursuant to a mutually agreeable protective order.  See **Exhibit 1.**  Youngtek also provided a draft order to Fraserside IP in the same communication.  See **Exhibit 2.**  Fraserside IP responded that it would review the proposed draft and get back to Youngtek.  See **Exhibit 3.**  On April 19, 2012, Fraserside IP indicated that the protective order was acceptable as drafted.  See **Exhibit 4.**  Youngtek signed the protective order and sent it to Fraseride IP, requesting that it do the same.  See **Exhibit 5.**  Inexplicably, however, Fraserside IP refused to sign the agreement that it had deemed acceptable, apparently so that it could attempt to mislead this Court into believing that Youngtek had withheld information in discovery.  Id.

On April 19, 2012, Youngtek filed its Motion for Summary Judgment and supporting documentation, focusing on a single legal issue: this Court's lack of personal jurisdiction over Youngtek. On April 25, 2012, Fraserside IP moved for this Court to defer consideration of Youngtek's motion, pursuant to Fed. R. Civ. P. 56(d).

**Argument**

I.  The Rule 56(d) Standard

Fed. R. Civ. P. 56(d) (formerly, Rule 56(f)) provides a mechanism whereby a party that has not had a full opportunity to conduct discovery may ask the Court to defer a decision on a motion for summary judgment until such time as the necessary discovery may be completed. Fed. R. Civ. P. 56(d)("If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer

4

considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."

Broken down, Rule 56(f) requires that the party moving for additional time prove by affidavit that: (a) the party had good cause for its inability to previously secure the requested discovery; (b) there are specific facts which additional discovery might reveal; and (c) the discovery sought would assist the party in defeating the motion for summary judgment. See, e.g., Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001)(where the plaintiff "did not show good cause for further delay," denial of additional time for discovery was proper); Stanback v. Best Diversified Products, Inc., 180 F.3d 903, 911 (8th Cir. 1999)("Federal Rule of Civil Procedure 56(f)... requires the filing of an affidavit with the trial court showing what specific facts further discovery might unveil"); McFarland v. McFarland, 2010 U.S. Dist. LEXIS 75573 (N.D. Iowa)("the opposing party must 'demonstrate how discovery will provide rebuttal to the movant's claims.'") See also MHC Investment Co. v. Racom Corp., 209 F.R.D. 431, 433-34 (S.D. Iowa 2002)("In order to qualify for the protection afforded by Fed. R. Civ. P. 56(f), a party must not only articulate what additional discovery is necessary, they must also demonstrate how it will enable them to defeat the motion for summary judgment.")

The party seeking a delay:

> may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts. ...The rule does not require clairvoyance on the part of the moving party... but the movant is 'required to state with some precision the materials he hopes to obtain with further discovery and exactly how he expects those materials would help him in opposing summary judgment.' ...It is not enough simply to assert [a la the non-movant in the case], that 'something will turn up.'"

Equal Employment Opportunity Commission v. Black, 144 F. Supp. 2d 1084, 1088-89 (N.D. Iowa 2001)(numerous citations omitted). See also Dethmers Manufacturing Co., Inc. v. Automatic Equipment Mfg. Co., 70 F. Supp. 2d 944, 981 (N.D. Iowa 1999)(reference to a need

5

for "'further discovery' is the sort of 'vague assertion that additional discovery will produce needed, but unspecified facts' found insufficient by the Federal Circuit Court of Appeals...."

The Courts impose these burdens on the party seeking a delay because:

> Rule 56(f) does not condone a fishing expedition where a plaintiff merely hopes to uncover some possible evidence of [unlawful conduct]. ...This is so, because 'Rule 56(f) is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious.

Equal Employment Opportunity Commission v. Black, supra at 1089 (numerous additional citations omitted).

"Where a party fails to carry its burden under Rule 56(f), postponement of a ruling on a motion for summary judgment is unjustified." Id. (citations omitted).

### II. Fraserside IP Has Offered No Explanation For Its Failure To Conduct The Discovery It Now Claims To Need.

In case after case before this Court, Fraserside IP has insisted that – if this Court were only to allow it the opportunity to conduct jurisdictional discovery – it would be able to prove that the dozens of foreign defendants that it has named in 17 different lawsuits were actually subject to jurisdiction in Iowa. When actually presented with the opportunity, however, Fraserside IP did next to nothing. For the vast majority of the discovery period, Fraserside IP took no discovery whatsoever. Then, with little more than 30 days remaining, Fraserside IP served requests for admissions and interrogatories (knowing that it had waited so long that it would not have time to follow up on those requests if it was dissatisfied with the responses). ***Fraserside IP did not serve a single document request on the defendants, did not request a single document of any third party, and did not notice a single deposition.*** Indeed, the vast majority of interrogatories and requests for admissions had nothing whatsoever to do with jurisdiction at all. And, with respect to the few discovery requests that *did* relate to jurisdiction,

6

Youngtek's responses confirmed what it has said from the start of this litigation: there is no basis for personal jurisdiction over it.

Despite having numerous substantive defenses, Youngtek focused its motion for summary judgment on a single discrete legal issue: whether this Court has personal jurisdiction over Youngtek. There is no conceivable reason why the plaintiff could not have taken the discovery that it now claims to need within the timeframe established by this Court.[3] Indeed, even now, the majority of the discovery which Fraserside IP claims to still need has nothing to do with the issue of jurisdiction, despite that being the *only* issue raised in Youngtek's motion for summary judgment. Clearly, Fraserside IP is attempting to use its Rule 56(f) motion as a "shield" against summary judgment – something which this Court has made clear that it cannot do.

To the extent that Fraserside IP makes *any* attempt whatsoever to justify its failure to take the discovery it now claims to need, it is in its arguments that (1) Youngtek allegedly provided "inconsistent" discovery responses or responses which allegedly "lack candor," and (2) that Frasrside IP only now understands that "Google Analytics" records may be of use to it. Neither argument can stand even the mildest of scrutiny.

With respect to Fraserside's first argument, its accusations of "lack of candor" might be more convincing if they bore any semblance to the truth and were not, instead, based entirely on what appears to be Fraserside IP's own lack of candor with the Court. Fraserside IP first points to the LinkedIn webpage of David Sierra and claims that this page identifies Mr. Sierra as a former employee of Youngtek. On its face, the LinkedIn webpage says no such thing and counsel's affidavit to the contrary is simply untrue. See Affidavit of Chad Belville, Docket No. 48-12, ¶14). The LinkedIn page simply lists Youngtek as one of Mr. Sierra's past places of

---

[3] It is not as if Youngtek has made any secret of its intent to challenge personal jurisdiction over it in Iowa.

7

experience and says nothing one way or another about his being an "employee." In fact – just as Youngtek stated in its discovery responses – Mr. Sierra was never an employee of Youngtek, but rather he was a contractor who provided very limited services to Youngtek. Indeed, had Fraserside IP bothered to take Mr. Sierra's deposition during the discovery period (as it now claims it must do), it would have learned as much.

As Mr. Sierra unequivocally states in his affidavit, he was not an employee of Youngtek, but rather a contractor who provided very limited services to Youngtek. See **Exhibit 6**, affidavit of David Sierra. Indeed, according to Mr. Sierra, he provided services to Youngtek for a period of no more than three months, during which time he worked, on average, two hours per week on Youngtek projects, yielding him total pay for services rendered of approximately two thousand dollars ($2,000). Id. It is inconceivable that Fraserside IP can seriously contend that, on the basis of this contract worker (located, incidentally, in Florida, not Iowa), Fraserside IP hopes to pin its jurisdictional argument.

Fraserside IP also contends that Youngtek's description of services provided to Youngtek by Daniel Oded was "inconsistent" with a document filed in the Courts of Cyprus, which Fraserside IP appears to contend was authored by Mr. Oded. Preliminarily, it is hard to understand even what Fraserside IP is claiming when it states:

> *...in fact, according to the properties of document filed with a court in Cyprus, Oded is the author of a Youngtek Solutions Ltd. court pleading document filed in Cyprus Court by Youngtek against Fraserside's Cyprus sister company.*

Plaintiff's Motion, p. 6. Nor is this statement advanced by Attorney Belville's cryptic affidavit in which he states: "in fact, evidence obtained by Plaintiff shows Daniel Oded is the author of a court document filed in a Cyprus court by Youngtek..." Belville Affidavit, ¶15.

8

In reality, the unsigned court document (attached to the Plaintiff's motion as Exhibit J) was authored not by Mr. Oded, but rather Youngtek's attorney, Andreas Haviaras. See **Exhibit 7**, affidavit of Andreas Haviaras. In that affidavit, Attorney Haviaras states, among other things, that he is "unaware of any basis for Fraserside IP, LLC's allegation that 'Oded is the author of a Youngtek Solutions Ltd. court pleading document filed in Cyprus Court by Youngtek against Fraserside's Cyprus sister company,' since I am the author of that document." It would appear, then, that Attorney Belville's affidavit to the contrary is both inaccurate and not based on personal knowledge. See Belville Affidavit, ¶15. Perhaps even more disturbing, however, is the fact that, in filing Exhibit J with this Court, Fraserside IP inserted at the top of every page "EXHIBIT J Cyprus Court Pleading Document authored by Daniel Oded." This heading does not appear on the original document, was inserted by the Plaintiff, and is an apparent attempt to convince the Court that the document is something that it is not.

Finally, Fraserside IP's attempt to feign surprise that Youngtek utilizes Google Analytics in an attempt to justify its supposed need for more time is just that – a feint. As Fraserside IP's own discovery made clear, it was well aware (even before discovery) that Youngtek utilized Google Analytics. (See Plaintiff's Exhibit K, Responses to Requests for Admissions, Requests No. 162 "Admit that Youngtek has access to Google Analytics for the website empflix.com" and 163 "Admit that Youngtek has access to Google Analytics for the website tnaflix.com").

At any time prior to the close of discovery, Fraserside IP could have issued a subpoena duces tecum to Google for the analytics documents, just as it claims it wants to do now. Fraserside IP chose not to request such documents until after discovery was closed, Youngtek had filed its motion for summary judgment, and the deadline for the filing of dispositive motions had passed. This is hardly the "good cause" required under rule 56(f), but rather is

9

gamesmanship, which should not be permitted.  See, e.g., Rivera-Torres v. Rey-Hernandez, 502 F.3d 7, 10-11 (1st Cir. 2007)("We add a further caveat: Rule 56(f) is not designed to give relief to those who sleep upon their rights.  ...a party seeking to derive the benefit of Rule 56(f) must demonstrate due diligence....")  "Courts – like the deity – are more prone to help those who help themselves."  Id. at 10.

>  III.   Fraserside IP Has Not Demonstrated The Specific Relevant Facts Which Additional Discovery Would Yield.

Even if Fraserside IP had demonstrated good cause for its delay (which it has not), it has not demonstrated that there are specific relevant facts which additional discovery would yield.  In its motion, Fraserside has asked for leave to take eight depositions and to obtain documents from Google and other (unidentified) third parties "regarding billing solutions, advertisers, employees, contractors, hosts and host information, and affiliates of Defendant."  Plaintiff's Motion, p. 6.  In short, without pointing to any specific facts that it has cause to believe exist (outside of its own fevered imagination), Fraserside IP would like to do precisely what this Court has said a party cannot do: use the Rule 56(f) process for a "fishing expedition," relying on "vague assertions that additional discovery will produce needed, but unspecified facts," and asking for wide-ranging additional discover in the hopes that  "something will turn up."  Equal Employment Opportunity Commission v. Black, supra.

>  IV.   Fraserside IP Has Not Demonstrated That Additional Discovery Will Allow It To Escape Summary Judgment On Jurisdictional Grounds.

In its motion for summary judgment, Youngtek made a conscious tactical decision – to move for summary judgment solely on the basis of personal jurisdiction (despite numerous substantive additional defenses).  It did so, because (as the Court will see from the summary judgment motion itself), the undisputed facts are – for lack of a better term – indisputable and

10

conclusive. As this court wrote in its decision in Fraserside IP v. Hammy Media, "...Resolution of the issue of personal jurisdiction over [the Defendant] is not written in grey but solid black. Because [the Defendant] does not have sufficient 'minimum contacts' with Iowa, the maintenance of this lawsuit would offend 'traditional notions of fair play and substantial justice." The undisputed facts of this case, similarly, reveal lines of black and white.

This being the case, even if Fraserside IP could have plausibly mounted an argument that it was entitled to additional discovery (which it has not), it could only reasonably hope to make a case for discovery narrowly tailored to questions of personal jurisdiction. That Fraserside IP has instead sought wide-reaching discovery of the sort that it should have taken during the discovery process (if it was to be taken at all) is telling. Fraserside IP is not simply hoping to gather information concerning personal jurisdiction (the only issued raised by Youngtek's motion for summary judgment), it is hoping to now take the discovery that it could have taken at any time during the last year, but did not. There is a reason for this. Fraserside IP (as the undisputed evidence has shown) cannot possibly hope to establish personal jurisdiction over Youngtek in Iowa. Indeed, Fraserside IP offers no suggestion as to how the requested discovery would help it defeat Youngtek's motion.

For example, even if Fraserside IP had *not* simply made up its "evidence" that David Sierra was a former "employee" of Youngtek, it would have proven only that, at some point in 2010, Youngtek had an employee located in Florida. (Again, Youngtek feels compelled to note that even this has been proven to be false). Such "evidence" would not have changed the argument that there is no jurisdiction over Youngtek in *Iowa*, where this court sits, as opposed to *Florida*, where Mr. Sierra lives and performed his limited services.

11

Similarly, Fraserside IP offers no explanation as to how taking the depositions of individuals located in Cyprus, the Netherlands, Europe, Australia, and Florida might advance its argument that personal jurisdiction over Youngtek is proper here in Iowa.

The remainder of the Plaintiff's requests (which are, themselves, incredibly far-flung and undefined), amount to nothing more than a vague hope that "something will turn up."

## Conclusion

Because Fraserside IP has not even remotely come close to meeting the prerequisites of Rule 56(d), its motion to delay a ruling on Youngtek's Motion for Summary Judgment and for leave to take additional discovery should be denied in its entirety.

Respectfully submitted,
Youngtek Solutions, Ltd.
By its attorneys,

/s/Evan Fray-Witzer
Evan Fray-Witzer, *pro hac vice*
Ciampa Fray-Witzer, LLP
20 Park Plaza, Suite 804
Boston, MA 02116
(617) 723-5630
Evan@CFWLegal.com

/s/Valentin Gurvits
Valentin Gurvits, *pro hac vice*
Boston Law Group, PC
825 Beacon Street, Suite 20
Newton, MA 02459
 (617) 928-1804
vgurvits@bostonlawgroup.com

          /s/Jennifer E. Rinden
Connie Alt         AT0000497
Jennifer E. Rinden    AT0006606
    for
SHUTTLEWORTH & INGERSOLL, P.C.
500 US Bank Bldg., P.O. Box 2107
Cedar Rapids, IA 52406
PHONE:    (319) 365-9461
FAX:    (319) 365-8564
jer@shuttleworthlaw.com

## ECF CERTIFICATE OF SERVICE

    I, Evan Fray-Witzer, hereby certify that on May 11, 2012, a copy of the above document was served on Chad Bellville, attorney for the plaintiff, through the Court's ECF system in accordance with FRCP 5.

          /s/ Evan Fray-Witzer