UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| Fraserside IP, LLC,<br>   Plaintiff,<br>v.<br><br>Youngtek Solutions, Limited, d/b/a<br>Empflix, d/b/a www.empflix.com, dba<br>TNAFlix.com and www.tnaflix.com,<br>John Does 1-100 and John Doe<br>Companies 1-100,<br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)   Docket No. 11-CV-03005-MWB<br>)<br>)<br>)<br>)<br>) |

## STIPULATION AND PROTECTIVE ORDER

  1. Plaintiff, Fraserside IP, LLC ("FRASERSIDE"), and defendant, Youngtek Solutions, Limited ("Youngtek"), through their respective counsel, stipulate and agree, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that the following procedures designed to assure the protection of confidential information not already in public domain shall govern any discovery, including discovery from non-parties, in this action. All such discovery material obtained from a party producing information (the "Producing Party") shall be used only for the purposes of this litigation, and for no other purpose whatsoever.

  2. Any signatory hereto, and any nonparty responding to a request for documents or information, whether by subpoena or otherwise, may designate as "Confidential" any document produced in this action (whether pursuant to a formal discovery request or otherwise) or any information given by interrogatory answer. Such documents, information, and transcripts so designated are hereinafter referred to as "Confidential Information."

3. With respect to any document to be produced or interrogatory answer given, any designation of confidentiality shall be made prior to the date on which the document is produced or answer given by placing upon it a legend stating "Confidential."

4. Subject to paragraphs 4 and 5 below, Confidential Information designated "Confidential" may be shown, or its contents disclosed, to the following persons only:

    a. the party or employees of the party who reasonably need to access to such information for the prosecution or defense of this action;

    b. the undersigned counsel, and the employees of such counsel (including legal assistants, court reporters, and other persons employed and supervised by such counsel);

    c. witnesses testifying in this action either in discovery or at trial;

    d. experts hired by a party for the sole purpose of giving advice or testimony in the above-captioned action;

    e. the Court, pursuant to paragraph 11 of this Stipulation and Protective Order;

    f. other persons only upon order of the Court and after notice to the Producing Party, or upon written consent of the Producing Party.

5. Confidential Information, or any information derived therefrom, shall be used or disclosed solely for the purpose of assisting counsel of record in connection with this litigation and not for other litigation, competitive, business or any other purpose whatsoever.

6. Counsel agree to make all reasonable efforts to ensure compliance with this Protective Order. Any person referred to in paragraph 3(c) or 3(d) to whom any Confidential Information, or the contents thereof, is disclosed shall first execute a Declaration in the form attached hereto as Exhibit "A." Any Declaration executed pursuant to this paragraph 5 shall be retained by counsel and need not be disclosed to opposing counsel except pursuant to further order of the Court.

7. This Order is intended to protect information as to which there is no obligation owed other than confidentiality. Any signatory hereto shall have the right to object to any disclosure of information or production of any document it deems to be Confidential Information subject to this Order on any other ground it may deem appropriate pursuant to the Rules of Civil Procedure.

8. Any signatory hereto may seek relief from, or modification of, this Order or challenge the designation of documents, information, or transcripts as "Confidential."

9. If any Confidential Information is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall upon discovery of the disclosure immediately inform the party or person who designated the disclosed information of all facts pertinent thereto which, after due diligence and prompt investigation, are known to the party responsible for the disclosure, including the name, address and employer of the person to whom the disclosure was made, and shall make reasonable efforts to prevent disclosure by each unauthorized person who receives such information.

10. Upon the final determination of this action, unless otherwise agreed to in writing by opposing counsel, each party shall either: (1) assemble and return to the designating party all Confidential Information within their control or the control of those to whom they distributed any such information, including all copies thereof, or (2) certify in writing that all Confidential Information within their control or the control of those to whom they distributed any such information has been destroyed. Notwithstanding the foregoing, the parties may retain all pleadings, briefs, and other documents containing their work product which refer to or incorporate Confidential Information and will continue to be bound by the terms of this Order with respect to any such information.

11. In the event that any Confidential Information is used, described, characterized, excerpted or referenced in, or attached to, any Court proceeding or submission in connection with this litigation: (i) it shall not lose its confidential status through such use; (ii) the parties shall take all steps reasonably required to protect its confidentiality during such proceeding; and (iii) the filing party shall seek to file such material under seal pursuant to Local Rule 5(c), except that upon the default of the filing party to so request, any party may do so. Envelopes used to seal such material shall carry the notation: "SUBJECT TO PROTECTIVE ORDER – FILED UNDER SEAL" and shall comply with all requirements of the Court for filing material under seal. Envelopes so marked shall be delivered sealed to the Clerk of the Court and the contents thereof shall not be made available for public inspection. Counsel for the designating party shall have the opportunity to oppose any request for public inspection. If a pleading contains information designated Confidential or Highly Confidential by another party, the designating party will be deemed to have consented to a motion to file the pleading under seal. Where possible, only confidential portions of filings with the Court shall be filed under seal. The parties shall cooperate in good faith in an effort to ascertain whether the confidentiality designations of materials filed with the Court can be waived. As soon as practicable after filing material under seal, but in no event later than ten (10) court days, the filing party shall file with the Court, for its public file, a copy of the filed materials with the material designated under this Protective Order redacted.

STIPULATED AND AGREED TO:

| | |
|---|---|
| FRASERSIDE IP, LLC<br>By Its Attorneys, | YOUNGTEK SOLUTIONS, LIMITED<br>By Its Attorneys, |

———————————————       ———————————————
Chad Belville, Attorney at Law            Valentin Gurvits, *pro hac vice*
Admitted to District Court for the N.D. of Iowa   Boston Law Group, PC
4742 North 24th Street Suite 315          825 Beacon Street, Suite 20
Phoenix, AZ 85016                         Newton, MA 02459
                                          BBO # 643572
P.O. Box 17879                            (617) 928-1804
Telephone: 602-904-5485                   vgurvits@bostonlawgroup.com
FAX: 602-297-6953                         ATTORNEY FOR DEFENDANT
E-mail cbelville@azbar.org
ATTORNEY FOR PLAINTIFF


Dated: April ____, 2012                   Dated: April _____, 2012


    ENTERED AS AN ORDER of this Court this _____ day of _____, 2012.


ORDER:                                    ENTERED:

———————————————       ———————————————

# EXHIBIT A

## AGREEMENT CONCERNING PROTECTED MATERIAL COVERED BY PROTECTIVE ORDER

The undersigned hereby acknowledges that (s)he has read the "Protective Order" entered by the U.S. District Court In And For The Northern District of Iowa in the above-captioned action on _____, 2012, understands the terms thereof and agrees:

1. that (s)he shall fully abide by the terms thereof;

2. that (s)he shall not disclose Confidential Information to, or discuss Confidential Information with, any person who is not authorized pursuant to the terms of the Protective Order to receipt and disclosure of the same, and who has not signed an agreement as therein provided;

3. that (s)he shall not use said Confidential Information for any purpose other than the prosecution or defense of this litigation; and

4. that (s)he will be subject to the jurisdiction of the U.S. District Court In And For The Northern District of Iowa for the purposes of compliance with, and sanction for noncompliance with, the terms of said Protective Order.

The undersigned has reviewed the following Protected Information:

_____

_____

_____

_____

_____

 

Signature: _____

Name: _____

Employer: _____

Title: _____

Subscribed and sworn to before me in the said County of _____,

State of _____, this _____ day of _____, 2012.

_____
Notary Public

My Commission Expires: _____