Chad Belville IA Bar 015731
4742 North 24th Street Suite 315
Phoenix, AZ 85016
602-904-5485
FAX 602-297-6953
cbelville@azbar.org
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| FRASERSIDE IP LLC,<br>    An Iowa Limited Liability Company<br><br>vs.<br><br>Youngtek Solutions Limited, dba EmpFlix,<br>Dba TnaFlix, dba TnaFlix.com and John Does<br>1-100 and John Doe Companies 1 - 100 | No. 11-cv-03005-MWB<br><br>REPLY TO RESISTANCE TO<br>RULE 56 MOTION TO<br>DEFER CONSIDERATION OF<br>MOTION FOR SUMMARY<br>JUDGMENT AND MOTION<br>TO ALLOW ADDITIONAL<br>DISCOVERY |

Defendant's Response to Plaintiff's Motion for additional discovery under Rule 56(d) shows the same cavalier attitude and disdain as its late non-answers to key interrogatories on the issue of personal jurisdiction. Such cavalier actions, "arrogant disdain" for the discovery process and obstructionist tactics have led to stiff sanctions because "[t]hey violate the letter, spirit, or purposes of the federal rules; that being 'to secure the just, speedy and inexpensive determination of every action.'" *Carlson v. Freightliner LLC*, 226 F.R.D. 343, 368 *determination sustained sub nom. Carlson v. Freightliner L.C.C.*, 226 F.R.D. 385 (D. Neb. 2004).

Here, Defendant served responses to the interrogatories propounded to them after the responses were due which was also after the discovery cut-off[1]. Defendant refused to answer many (not a few limited interrogatories as contended by Defendant) of the crucial interrogatories regarding issues going to personal jurisdiction without a protective order. Rather than seek the protective order before the responses to the interrogatories were due, Defendant just made the objection in lieu of an actual answer and then used the end of discovery to justify refusal to answer timely made requests for supplementary discovery. Plaintiff agreed to the protective order only to be rewarded with Defendant's surprise filing of Motion for Summary Judgment without completion of discovery. Further, on April 12, immediately upon receiving Defendant's answers to requests for admission, Plaintiff also requested additional information, specifically asking for log files from Defendant's servers and Google Analytics. There was no response from Defendant to Plaintiff's request until it was flatly denied in an e-mail sent nearly two weeks later on April 24, 2012. Exhibit M, Affidavit of Chad Belville. Despite the unanswered interrogatories and the pending request for additional information, all geared toward the issue of personal jurisdiction, Defendant filed its Motion for Summary Judgment based on lack of personal jurisdiction on April 19. Essentially, Defendant asks for a protective order April 17 which Plaintiff agreed to on April 18 but Defendant then filed its MSJ on April 19. Defendant only forwarded a signed copy of proposed protective order April 24th **5 days after** filing the MSJ and after Defendant unilaterally determined that its undelivered discovery would not be needed for Plaintiff to respond to the MSJ.

The Eighth Circuit has strongly condemned the intentional refusal to respond to discovery used as a litigation tactic, calling it a clear abuse of the discovery process. *See*

---

[1] Defendant asserts that it timely served Plaintiff at 11:45 on April 16 Arizona time. However, this Court is located in Iowa, so Arizona time is not the standard for timely service.

*Lindstedt v. City of Granby*, 238 F.3d 933, 936 (8th Cir. 2000). Here, Defendant as much as concedes that it has failed to answer the interrogatories as part of a concerted litigation tactic: It asserts that it made a tactical decision to rest its entire defense on lack of personal jurisdiction. Obviously, that tactic included failure to answer timely served interrogatories on the issue while supposedly negotiating a protective order, simultaneously preparing Motion for Summary Judgment and ignoring the interrogatories regarding the issue of personal jurisdiction then denying the request for additional information. This Court should not permit this intentional abuse of the discovery process which is clearly a prohibited litigation strategy.

Defendant's tactics continue in its brief. Rather than address its own failure to answer the discovery that **was** served on it, Defendant points to what Plaintiff did not serve (document requests and deposition notices).  Defendant unilaterally and arbitrarily asserts that its non-answers to discovery requests "confirmed… there is no basis for personal jurisdiction." Resistance, p. 6-7. Again, this cavalier attitude and disdain for this Court and the discovery process is contrary to the overriding purpose of the federal discovery rules – "to promote full disclosure of all facts to aid in the fair, prompt and inexpensive disposition of lawsuits." *Woldum v. Roverud Const., Inc.,* 43 F.R.D. 420, 420 (N.D.Iowa, 1968).

In addition, for this Court to refuse to permit requested discovery – at a minimum to require answers to the interrogatories and to permit follow up discovery – would be unjust. As one court noted, "[i]t would be unfair to allow the party which has failed to make discovery to shift to the innocent party the burden" of that failure. Techsavies, LLC v. WDFA Mktg. Inc., C10-1213 BZ, 2011 WL 723983 (N.D. Cal. Feb. 23, 2011)("WDFA … produced 120,000 documents and a substantial interrogatory response after fact discovery was closed, leaving it to Techsavies to deal with the problems WDFA had created "by its violation of the discovery rules

and orders of the court"). Here, to permit the summary judgment to be decided without ordering the answers to timely filed interrogatories and without allowing the follow up discovery based on the bare bones answers would sanction Defendants' use of discovery abuse as a litigation tactic – and win based on that strategy rather than the facts of the case.

 Defendant also asserts that Plaintiff has not demonstrated specific relevant facts which additional discovery would yield. Yet Exhibit M to Plaintiff's Motion, the Affidavit of Chad Belville, contains just such detail. The facts that would show jurisdiction in Iowa are enumerated: trustworthy statistical information about the number of Iowa visitors or subscribers to Defendant's websites, and the quality of such contacts (¶ 7); information about the number of Iowa visitors or subscribers to Defendant's websites, and the quality of such contacts (¶ 8); and information concerning billing solutions, advertisers, employees, contractors, hosts and hosting information, and affiliates of Defendant which would show the contacts Defendant has with United States and in particular, Iowa (¶ 9). These are exactly the types of facts that must be shown to comply with Rule 56(d), and Plaintiff has satisfied this element required for additional discovery under that Rule. These are more than "vague facts" or assertions that "something will turn up." *E.E.O.C. v. Am. Home Products Corp.*, 144 F. Supp. 2d 1084, 1089 *on reconsideration,* 165 F. Supp. 2d 886 (N.D. Iowa 2001)

 Plaintiff also showed that the unanswered Interrogatories sought this type of information: Interrogatory 20 requested "the billing solutions, payment processors, and banking vendors used by Youngtek, 3 AM B.V., Emitrust Limited" including the name and branch location," which could identify Iowa (or other U.S.) contacts; and Interrogatory 21 sought "related vendors and third-party vendors or advertisers that have appeared on the websites," which again seeks to identify Iowa (or other U.S.) vendors and advertisers. Further, the unanswered interrogatories

requested information concerning software and/or services Defendant used to track, monitor or analyze traffic on its websites, again seeking to determine where to get the data about Iowa residents' use of the websites and engaging in transactions with Defendant.

Plaintiff has clearly met the burden of stating the specific facts it seeks, and how those facts will be found in the specific discovery it seeks. Defendant, on the other hand, continues to play hide and seek with discovery, abusing the discovery process to avoid admitting that its contacts with Iowa are extensive and pervasive, and subject it to personal jurisdiction here.

Plaintiff also specified what additional discovery was needed. It requested the answers to interrogatories, responses to its follow up request for information regarding Defendant's log files and Google Analytics, third party discovery seeking that information if needed, and the depositions of David Sierra,[2] Daniel Oded, Avi Hai Gruenbaum, Arjan Wijnveen, Ofer Eshad, Leigh Smith and Koks Skoulloss.

Last, Plaintiff has shown that the discovery will allow Plaintiff to show that a genuine issue of material fact on the issue of personal jurisdiction exists – or that the Court does indeed have personal jurisdiction, so as to end the question for this lawsuit.

Plaintiff did request additional follow-up discovery prior to close of discovery that was flatly denied by Defendant in part due to the close of discovery, where Defendant ran out the clock before responding. Plaintiff has met its burden of showing that it has specific discovery to conduct which will allow it to respond to the Motion for Summary Judgment and demonstrate

---

[2] While Defendant presents an affidavit that David Sierra was an independent contractor, contrary to his Indrove webpage and LinkedIn page, not an employee, and in Florida, not Iowa, the fact that Defendant used the services of anyone in the U.S. is significant and may provide for jurisdiction under Rule 4(k)(2). Further, the material issue presented and omission of any mention of Sierra in Defendants' responses raises legitimate doubts as to the completeness of Defendants' responses.

that it should not be granted.  Also, Defendant should be made to appear personally before this Court to explain its behavior.

Accordingly, the Court should grant Plaintiff's Rule 56 Motion to Defer Consideration of the Motion for Summary Judgment and grant additional discovery to determine the facts surrounding Defendant's contacts with Iowa.


Date: May 18, 2012                                        Respectfully submitted,


By:    /s/ Chad L. Belville
Chad Belville, Attorney at Law
Iowa Bar # 015731
4742 North 24th Street Suite 315
Phoenix, AZ 85016

P.O. Box 17879
Phoenix, AZ 85011
Telephone:  602-904-5485
FAX:  602-297-6953
E-mail cbelville@azbar.org

ATTORNEY FOR PLAINTIFF


**Certificate of Service**

I, Chad Belville, Attorney for Plaintiff, hereby certify that on May 18, 2012 a copy of this Reply to Plaintiff's Rule 56 Motion was served upon the Attorneys for Defendants, listed as Connie M. Alt, Jennifer Rinden, Valentin Gurvits, and Evan Fray-Witzer, through the Court's Electronic Case Filing System.


/s/ Chad L. Belville