**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| FRASERSIDE IP L.L.C., an Iowa Limited Liability Company,<br><br>    Plaintiff,<br><br>vs.<br><br>YOUNGTEK SOLUTIONS LIMITED, dba EmpFlix, dba www.empflix.com, dba TNAFlix.com and www.tnaflix.com, and John Does 1-100 and John Doe Companies 1-100,<br><br>    Defendants. | No. C11-3005-MWB<br><br>**ORDER REGARDING PLAINTIFF'S RULE 56 MOTION TO DEFER CONSIDERATION OF MOTION FOR SUMMARY JUDGMENT AND MOTION TO ALLOW ADDITIONAL DISCOVERY** |

_____

**TABLE OF CONTENTS**

*I.  INTRODUCTION AND BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*II. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    *A.  Requirements For A Rule 56(d) Continuance* . . . . . . . . . . . . . . . . . . . 4
    *B.  Fraserside's Submission* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
    *C.  Adequacy of Fraserside's Submission* . . . . . . . . . . . . . . . . . . . . . . . 9

*III. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

In this lawsuit, the plaintiff asserts claims under a variety of copyright and trademark theories against defendants arising from defendants alleged infringement of plaintiff's copyrighted adult movies and trademarks for those movies through internet websites defendants operate. The questions before me do not involve the merits of plaintiff's claims, but what a party must do to obtain a continuance to pursue additional discovery before a court rules on a pending motion for summary judgment and whether plaintiff has done it in this case.

## *I. INTRODUCTION AND BACKGROUND*

On February 17, 2011, plaintiff Fraserside IP L.L.C. ("Fraserside") filed a complaint against defendants Youngtek Solutions Limited, John Does, and John Doe Companies, alleging the following causes of action: copyright infringement, in violation of 17 U.S.C. §§ 106 and 501 *et seq.*; contributory copyright infringement, in violation of 17 U.S.C. §§ 106 and 501 *et seq.*; vicarious copyright infringement, in violation of 17 U.S.C. §§ 106 and 501 *et seq.*; inducing copyright infringement, in violation of 17 U.S.C. §§ 106 and 501 *et seq.*; trademark infringement, in violation of 15 U.S.C. § 1114; contributory trademark infringement, in violation of 15 U.S.C. § 1114; vicarious trademark infringement, in violation of 15 U.S.C. § 1114; false designation of origin, in violation of 15 U.S.C. § 1125(a); and, dilution of trademark, in violation of 15 U.S.C. § 1125(c). Youngtek moved to dismiss the complaint, arguing that it is not subject to personal jurisdiction in Iowa and the Complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2). On December 2, 2011, because resolution of Youngtek's motion would require me to consider matters outside the complaint, I ordered Youngtek's Motion to Dismiss be refiled as a motion for summary judgment by December

30, 2011.  On December 19, 2011, Youngtek sought leave to take discovery concerning ownership of the intellectual property at issue and requested modification of the briefing schedule.  On December 20, 2011, then Chief United States Magistrate Judge Paul A. Zoss ordered that the parties should complete their discovery by the deadline set in the scheduling order, April 16, 2012, and then file any summary judgment motions.

On April 19, 2012, Youngtek filed its Motion for Summary Judgment, arguing that it is not subject to personal jurisdiction in Iowa.  On April 25, 2012, Fraserside filed its Rule 56 Motion to Defer Consideration of Motion for Summary Judgment and Motion to Allow Additional Discovery (docket no. 48).  In its motion, Fraserside requests that it be permitted to take additional discovery, pursuant to Federal Rule of Civil Procedure 56(d), before having to respond to Youngtek's Motion for Summary Judgment.  Specifically, Fraserside seeks to depose eight individuals, and conduct discovery from Fraserside's hosting companies and Google Analytics concerning the number of Iowa visitors or subscribers to Youngtek's websites.  Fraserside argues that such discovery is necessary because Youngtek has provided incomplete and evasive and possibly untrue responses to its discovery requests.  Fraserside requests 50 days in which to conduct this discovery and 15 days after that in which to file its resistance to Youngtek's Motion for Summary Judgment.  On May 10, 2012, Youngtek resisted Fraserside's Rule 56(d) motion. Youngtek argues that Fraserside has failed to explain why it did not previously pursue the discovery it now seeks.  Youngtek also argues that Fraserside has not explained how postponement of a ruling on Youngtek's Motion for Summary Judgment will enable Fraserside to rebut the movant's showing of the absence of a genuine issue of fact.  On May 18, 2012, Fraserside filed a reply brief in support of its Rule 56(d) motion.

## II.  LEGAL ANALYSIS

### A.  *Requirements For A Rule 56(d) Continuance*

Rule 56(d) provides as follows:

> **(d) When Facts Are Unavailable to the Nonmovant.**  If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

FED. R. CIV. P. 56(d).[1]

The Eighth Circuit Court of Appeals has explained that:

> To obtain a Rule 56[(d)] continuance, the party opposing summary judgment must file an affidavit "affirmatively demonstrating . . . how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact."

---

[1] Rule 56(d) was formerly Rule 56(f).  This change, as well as the textual differences between current Rule 56(d) and former Rule 56(f), are purely stylistic.  *See* FED. R. CIV. P. 56 advisory committee's note; *Chambers v. Travelers Cos., Inc.*, 668 F.3d 559, 568 (8th Cir. 2012); *see also Jones v. Secord*, ---F.3d---, 2012 WL 2627532, at *9 n.2 (1st Cir. July 6, 2012); *Greater Baltimore Ctr. for Pregnancy Concerns, Inc. v. Mayor and City Council of Baltimore*, ---F.3d ---, 2012 WL 2402573, at *28 n. 4 (4th Cir. June 27, 2012); *Stengl v. Medtronics*, 676 F.3d 1159, 1167 n.2 (9th Cir. 2012); *Pennsylvania, Dept. of Public Welfare v. Sebelius*, 574 F.3d 139, 157 n.3 (3rd Cir. 2012). Thus, the case law developed under the 56(f) version remains controlling precedent.

*Ray v. American Airlines, Inc.*, 609 F.3d 917,  (8th Cir. 2010) (quoting *Humphreys v. Roche Biomedical Lab., Inc.,* 990 F.2d 1078, 1081 (8th Cir. 1993)); *see Ballard v. Heineman*, 548 F.3d 1132, 1136-37 (8th Cir. 2008) ("Unless a party files an affidavit under Federal Rule of Civil Procedure 56(f) showing what facts further discovery may uncover, 'a district court generally does not abuse its discretion in granting summary judgment on the basis of the record before it.'") (quoting *Nolan v. Thompson,* 521 F.3d 983, 986 (8th Cir. 2008)); *Roark v. City of Hazen, Ark.,* 189 F.3d 758, 762 (8th Cir. 1999) ("When seeking a continuance, however, the party opposing summary judgment is required to file an affidavit with the district court showing what specific facts further discovery might uncover."); *Stanback v. Best Diversified Prods., Inc.,* 180 F.3d 903, 911 (8th Cir. 1999) ("Federal Rule of Civil Procedure 56(f) . . . requires the filing of an affidavit with the trial court showing 'what specific facts further discovery might unveil.'") (quoting *Dulany,* 132 F.3d at 1238).

Thus, the opposing party must "demonstrate how discovery will provide rebuttal to the movant's claims." *Alexander v. Pathfinder, Inc.,* 189 F.3d 735, 744 (8th Cir. 1999). Fraserside, as the party seeking a Rule 56(d) continuance, must do more than simply assert that he may discover additional facts, and must do more even than speculate about what those facts might be. Rather, as I explained in *Dethmers Mfg. Co. v. Automatic Equip. Mfg. Co.,* 70 F. Supp. 2d 944 (N.D. Iowa 1999), "'[i]n moving for relief under Rule 56(f), a party must demonstrate specifically "how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.'"" *Dethmers Mfg. Co.,* 70 F. Supp. 2d at 981 (quoting *Simmons Oil Corp. v. Tesoro Petroleum Corp.,* 86 F.3d 1138, 1144 (Fed.

Cir. 1996), in turn quoting *Willmar Poultry Co. v. Morton-Norwich Prods., Inc.,* 520 F.2d 289, 297 (8th Cir. 1975), *cert. denied,* 424 U.S. 915 (1976)). To that end,

> [t]he party "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." *Securities & Exchange Comm'n v. Spence & Green Chem. Co.,* 612 F.2d 896, 901 (5th Cir. 1980), *cert. denied,* 449 U.S. 1082, 101 S. Ct. 866, 66 L. Ed. 2d 806 (1981). The rule does not require clairvoyance on the part of the moving party, *Enplanar, Inc. v. Marsh,* 11 F.3d 1284, 1292 (5th Cir.), *cert. denied,* 513 U.S. 926, 115 S. Ct. 312, 130 L. Ed. 2d 275 (1994), but the movant is "required to state with some precision the materials he hope[s] to obtain with further discovery, and exactly how he expect[s] those materials would help him in opposing summary judgment." *Krim v. BancTexas Group, Inc.,* 989 F.2d 1435, 1443 (5th Cir. 1993). It is not enough simply to assert, a la [the non-movant in the case], that "something will turn up."

*Simmons Oil Corp.,* 86 F.3d at 1144.

The reason underlying such requirements is that "it is well settled that ' Rule 56[(d)] does not condone a fishing expedition' where a plaintiff merely hopes to uncover some possible evidence of [unlawful conduct]." *Duffy v. Wolle,* 123 F.3d 1026, 1041 (8th Cir. 1997). This is because "'Rule 56[(d)] is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious.'" *Id.* (quoting *United States v. Light,* 766 F.2d 394, 397 (8th Cir. 1985)). Therefore, "'[a] party invoking its protections must do so in good faith by affirmatively demonstrating why he cannot respond to a movant's affidavits as otherwise required by Rule 56(e) and how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.'" *Duffy*, 123 F.3d at 141 (again quoting *Light*, 766 F.2d at 397); *see*

*Elnashar v. Speedway SuperAmerica, L.L.C.*, 484 F.3d 1046, 1054 (8th Cir. 2007); *Robinson v. Terex Corp*, 439 F.3d 465, 467 (8th Cir. 2006). A court does not abuse its discretion denying discovery before ruling on a motion for summary judgment if the facts sought to be obtained by such a continuance would not prevent the entry of summary judgment. *See Duffy*, 123 F.3d at 141; *Allen v. Bridgestone/Firestone, Inc.*, 81 F.3d 793, 797-98 (8th Cir. 1996). Moreover, Rule 56(f) is not devised to provide relief to those who sleep upon their rights. *See Rivera-Torres v. Rey-Hernandez*, 502 F.3d 7, 10-11 (1st Cir. 2007); *Ayala-Gerena v. Bristol Myers-Squibb Co.*, 95 F.3d 86, 92 (1st Cir. 1996). "Consequently, a party seeking to derive the benefit of Rule 56(f) must demonstrate due diligence both in conducting discovery before the emergence of the summary judgment motion and in pursuing an extension of time once the motion has surfaced." *Rivera-Torres*, 502 F.3d at 10-11. Where a party fails to carry its burden under Rule 56(d), "postponement of a ruling on a motion for summary judgment is unjustified." *Humphreys v. Roche Biomed. Labs., Inc.,* 990 F.2d 1078, 1081 (8th Cir. 1993); *see also Stanback,* 180 F.3d at 912 (quoting *Humphreys*, 990 F.2d at 1081). I will apply these standards to Fraserside's Rule 56(d) motion.

### *B. Fraserside's Submission*

In support of its Rule 56(d) motion, Fraserside submits the Affidavit of Chad Belville, the attorney representing it here. *See* Fraserside's Motion, Exhibit M (Belville's Affidavit). Bellville declares that defendants have not propounded any discovery requests on Fraserside. He also relates that he propounded 21 interrogatories and 181 separate

requests for admissions on Youngtek, with the responses due April 11, 2012.[2] Belville discloses that "[b]ased on the responses to the requests for admissions, I e-emailed Defendant's counsel to request access "to the websites' Google Analytics and log files, particularly if your client intends to raise the jurisdictional issue." Belville Aff. at ¶ 6. Belville reports that his request was denied by Youngtek. He goes on to aver that:

> 7. Plaintiff seeks discovery from Defendant concerning Google Analytics from Google Analytics directly. This will give Plaintiff trustworthy statistical information about the number of Iowa visitors or subscribers to defendant's websites, and the quality of such contacts.
>
> 8. Plaintiff seeks discovery from Defendant's hosting company(ies). This will give Plaintiff information about the number of Iowa visitors or subscribers to Defendant's websites and the quality of such contacts.

Belville Aff. at ¶¶ 7-8. Fraserside contends that Youngtek has provided inconsistent, deceptive, or incorrect responses to Belville's discovery requests. Belville Aff. at ¶ 14. On this point, Belville declares:

> 14. Plaintiff has discovered inconsistent and possibly deceptive or outright inconsistent responses. Plaintiff requested information as to David Sierra, who is located in Florida, and is listed as an employee of Defendant both by a website advertising his services and on his LinkedIn page. Defendant's answers to interrogatories say nothing about his location and attempt to characterize him as a minor contract worker. Evidence of an employee in Florida contradicts

---

[2] Youngtek indicates that these were the first discovery requests propounded on it by Fraserside. Fraserside has attached its 181 requests for admissions and Youngtek's responses as well as its 21 interrogatories and Youngtek's responses.

> Defendant's claim that it has no employees in the United States nor has it had employees in the United States.
>
> 15. Plaintiff requested information about Daniel Oded in Interrogatory 16(c). While Defendant states that Oded merely "performs advertising brokerage services for Youngtek, Ltd.," in fact, evidence obtained by Plaintiff shows Daniel Oded is the author of a court document filed in a Cyprus court by Youngtek against Fraserside's sister company in Cyprus, which is very inconsistent with a person who "performs advertising brokerage services for Youngtek, Ltd."

Belville Aff. at ¶14-15. As a result, Belville declares that: "Plaintiff seeks verified information of all its original discovery requests and depositions of David Sierra, Daniel Oded, Avi Hai Gruenbaum, Arjan Winjnveen, Ifer Eshad, Leigh Smith, and Koks Skoullos." Belville Aff. at ¶18.

### C. *Adequacy of Fraserside's Submission*

As explained above, to establish that a continuance is appropriate, Fraserside's submission "'must demonstrate specifically how postponement of a ruling on [Youngtek's] motion [for summary judgment] will enable [Fraserside], by discovery or other means, to rebut [Youngtek's] showing of the absence of a genuine issue of fact." *EEOC v. American Home Prods.,* 199 F.R.D. 620, 631 (N.D. Iowa 2001) (internal quotation marks and citations omitted). Youngtek's Motion for Summary Judgment asserts that it is entitled to judgment as a matter of law because the undisputed facts demonstrate that it is not subject to personal jurisdiction in Iowa. Thus, Fraserside must demonstrate that discovery will allow it to rebut Youngtek's contention that Youngtek may not be subjected to jurisdiction in Iowa.

I "may assume jurisdiction over a foreign defendant only to the extent permitted by the forum state's long-arm statute and by the Due Process Clause of the Constitution." *Dakota Indus., Inc. v. Ever Best Ltd.*, 28 F.3d 910, 915 (8th Cir. 1994); *accord K-V Pharm. Co.*, 648 F.3d at 592 ("Personal jurisdiction in a diversity case exists 'only to the extent permitted by the long-arm statute of the forum state and by the Due Process Clause.'")(quoting *Dever,* 380 F.3d at 1073 (internal quotation marks omitted)). Iowa's long-arm statute "expands Iowa's jurisdictional reach to the widest due process parameters allowed by the United States Constitution."[3] *Hammond v. Florida Asset Fin. Corp.*, 695 N.W.2d 1, 5 (Iowa 2005) (discussing Iowa Rule of Civil Procedure 1.306). "As a result, the Court is left with the sole issue of whether exercising personal jurisdiction over [the] nonresident Defendant is consistent with principles of due process." *Brown v. Kerkhoff*, 504 F. Supp. 2d 464, 499-500 (S.D. Iowa 2007); *see Bell Paper Box, Inc. v. U.S. Kids, Inc.* (*Bell Paper I*), 22 F.3d 816, 818 (8th Cir. 1994) ("[W]hen a state construes its long-arm statute to confer jurisdiction to the fullest extent permitted by the due process clause . . . the inquiry collapses into the single question of whether exercise of personal jurisdiction comports with due process.").

---

[3] Iowa's long-arm statute is actually set forth in two places: Iowa Code § 617.3 and Iowa Rule of Civil Procedure 1.306. Section 617.3 provides for the service of "foreign corporations or nonresidents contracting or committing torts in Iowa," Iowa Code § 617.3 (2006), and Rule 1.306 provides for an "[a]lternative method of service" that applies to "every corporation, individual, personal representative, partnership or association," Iowa R. Civ. P. 1.306. Rule 1.306 is the provision that specifically extends Iowa's jurisdictional reach to the federal constitutional limits. *See Hammond*, 695 N.W.2d at 5; *Larsen v. Scholl*, 296 N.W.2d 785, 788 (Iowa 1980) (noting that Iowa Rule of Civil Procedure 56.2 (now Rule 1.306), "unlike Iowa's older 'long-arm' statute, section 617.3, . . . expands Iowa's jurisdictional reach to the widest due process parameters of the federal constitution").

"The Due Process Clause requires 'minimum contacts' between the nonresident defendant and the forum state before the court may exercise jurisdiction over the defendant." *Coen v. Coen*, 509 F.3d 900, 905 (8th Cir. 2007) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980)).  The Eighth Circuit Court of Appeals has explained sufficient minimum contacts as follows:

> "Sufficient contacts exist when the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there, and when maintenance of the suit does not offend traditional notions of fair play and substantial justice." By defendant's reasonable anticipation, we mean "there must be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." We have set "a five-part test for measuring minimum contacts:  (1) the nature and quality of the contacts with the forum state; (2) the quantity of those contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties." Factors one through three are primary. With respect to the third factor, we distinguish between specific jurisdiction and general jurisdiction.  "'Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state,' while '[g]eneral jurisdiction . . . refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose.'"

*Id.* (citations omitted); *see K-V Pharm. Co.*, 648 F.3d at 592; *Wells Dairy, Inc. v. Food Movers Int'l, Inc.*, 667 F.3d 515, 518 (8th Cir. 2010); *Steinbuch*, 518 F.3d at 585-86; *Johnson v. Woodcock*, 444 F.3d 953, 956 (8th Cir. 2006); *Epps v. Stewart Information. Servis. Corp.*, 327 F.3d 642, 648 (8th Cir. 2003); *Guinness Import Co. v. Mark VII*

*Distributors, Inc.*, 153 F.3d 607, 613 (8th Cir. 1998); *Aylward v. Fleet Bank*, 122 F.3d 616, 618 (8th Cir. 1997); *Burlington Indus., Inc. v. Maples Indus., Inc.*, 97 F.3d 1100, 1102 (8th Cir. 1996).

The Eighth Circuit Court of Appeals has further instructed that:

> The purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts or of the unilateral activity of another party of a third person. Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant himself that create a substantial connection with the forum State.

*Stanton v. St. Jude Med., Inc.*, 340 F.3d 690, 693-94 (8th Cir. 2003) (citations omitted).

"'Minimum contacts must exist either at the time the cause of action arose, the time the suit was filed, or within a reasonable period of time immediately prior to the filing of the lawsuit.'" *Johnson*, 444 F.3d at 955-56 (quoting *Pecoraro v. Sky Ranch For Boys, Inc.*, 340 F.3d 558, 562 (8th Cir. 2003)). If the court determines that a defendant has the requisite "minimum contacts within the forum state, these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945)); *see Luv N. Care Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 473 (5th Cir. 2006) ("It remains for us to inquire whether the exercise of jurisdiction would offend traditional notions of fair play and substantial justice. When a plaintiff makes its *prima facie* case that the defendant has 'minimum contacts' with the forum state, the burden of proof shifts to the defendant to show that the exercise of jurisdiction would be unreasonable." (citation and quotation omitted)). These other factors include:

> "the burden on the defendant," "the forum State's interest in adjudicating the dispute," "the plaintiff's interest in obtaining convenient and effective relief," "the interstate judicial system's interest in obtaining the most efficient resolution of the controversies," and the "shared interest of the several States in furthering fundamental substantial social policies."

*Burger King Corp.*, 471 U.S. at 476-77 (quoting *World Wide Volkswagen*, 444 U.S. at 292). "These considerations sometimes serve to establish the reasonableness of jurisdiction upon a lesser showing of minimum contacts than would otherwise be required." *Id.* at 477. If, however, a defendant "seeks to defeat jurisdiction" when the defendant purposefully "directed his activities at forum residents"—i.e., when minimum contacts are clearly established—the defendant "must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Id.*

Considering Fraserside's submission in light of the pertinent factors, it is apparent that some of the discovery Fraserside seeks may impact the issue raised by Youngtek's Motion for Summary Judgment. For instance, Fraserside seeks discovery from Google Analytics which "will give Plaintiff statistical information about the number of Iowa visitors or subscribers to Defendant's websites, and the quality of such contacts." Belville Aff. at ¶ 7. This is significant because a website can form a basis for personal jurisdiction, depending on the level and type of activity conducted on it. *See Johnson v. Arden*, 614 F.3d 785, 796 (8th Cir. 2010). The Eighth Circuit Court of Appeals, as well as other federal courts of appeals, have adopted the sliding scale test identified in *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997), in determining whether the operation of an internet site can support minimum contacts necessary for the exercise of personal jurisdiction. *See Johnson*, 614 F.3d at 796; *see also Revell v. Lidov,* 317 F.3d 467, 470 (5th Cir. 2002) (adopting the model developed in

*Zippo* ); *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.,* 293 F.3d 707, 713 (4th Cir. 2002) (same). In *Zippo,* the court created a "sliding scale" to measure the likelihood that operation of an internet site gives rise to the minimum contacts necessary for the exercise of personal jurisdiction. *Zippo Mfg. Co.,* 952 F. Supp. at 1124. The *Zippo* scale "runs from active contract formation and repeated transmission of computer files to mere posting of information on a website." *Johnson*, 614 F.3d at 796. A "passive" website, which only allows the owner to post information to the site, is not sufficient to establish personal jurisdiction. *Zippo Mfg. Co.,* 952 F. Supp. at 1124. On the other hand, a website whose owners engage in repeated online contacts with forum residents through the site will likely satisfy the minimum contacts requirement. *Id.* at 1123-24. In the middle ground lie "interactive" websites, where a user can exchange information with the host computer. *Id.*

Here, Fraserside alleges that Youngtek is a Cyprus-based company which competes with Fraserside in the distribution and sale of adult movies through the internet. Youngtek allegedly does business as EmpFlix.com and TNAFlix.com and operates the websites www.empflix.com and www.tnaflix.com. The EmpFlix.com website is allegedly visited daily by over 1,500,000 internet users worldwide with approximately 16.9 percent of the site's visitors coming from the United States. The TNAFlix.com website is allegedly visited daily by over 3,000,000 internet users worldwide with approximately 21.5 percent of the site's visitors coming from the United States. Both websites allegedly allow its users the option of viewing adult films in high definition, or downloading the films in high quality media-player, Ipod format, or high quality flash-video by becoming a member of the respective website. Thus, Fraserside's proposed discovery, concerning Iowa users and members of Youngtek's websites, could possibly establish that Youngtek's websites

are interactive or active websites and is relevant to the subject of Youngtek's argument on summary judgment. Because the discovery Fraserside proposes concerning Google Analytics and Youngtek's hosting companies could rebut Youngtek's legal argument on the issue of personal jurisdiction, I grant, in part, Fraserside's Rule 56(d) motion. I do not grant Fraserside the right to conduct far-reaching discovery by deposing David Sierra, Daniel Oded, Avi Hai Gruenbaum, Ifer Eshad, or Leigh Smith.[4] Fraserside fails to explain how deposing any of these individuals will provide any support for its defense to Youngtek's Motion for Summary Judgment. Fraserside has made no showing of any connection between these individuals and Iowa, or possible knowledge that these individuals might possess regarding Youngtek's websites' users and members. However, Fraserside will be permitted to depose Koks Skoullos, one of Youngtek's two officers, and Arjan Wijnveen, who Youngtek conceeds has knowledge of "all technical and operational aspects of Youngtek's websites." Youngtek's Answer to Fraserside Interrogatory No. 2 (attached to Fraserside's motion). The limited discovery allowed Fraiserside shall be completed by August 15, 2012. Since Fraserside has not yet filed a response to Youngtek's Motion for Summary Judgment, it may file a response to the motion no later than September 4, 2012, and Youngtek may file its reply no later than September 11, 2012.

---

[4]The parties' submissions reveal that David Sierra is a resident of Florida who performed services, in Florida, for Youngtek for a few months in 2009. The parties submissions do not reveal the role of the other individuals.

### *III. CONCLUSION*

For the reasons discussed above, Fraserside's Rule 56 Motion to Defer Consideration of Motion for Summary Judgment and Motion to Allow Additional Discovery is granted in part and denied in part. Fraserside shall complete its limited discovery, as set forth above, by August 22, 2012, and file its response to Youngtek's Motion for Summary Judgment, on or before September 11, 2012. Youngtek shall any reply brief on or before September 18, 2012.

**IT IS SO ORDERED.**

**DATED** this 16th day of July, 2012.

*[signature: Mark W. Bennett]*

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA