Chad Belville IA Bar 015731
4742 North 24th Street Suite 315
Phoenix, AZ 85016
602-904-5485
FAX 602-297-6953
cbelville@azbar.org
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| FRASERSIDE IP LLC, )<br>    An Iowa Limited Liability Company )<br>)<br>)<br>vs. )<br>)<br>)<br>Youngtek Solutions Limited, dba EmpFlix, )<br>Dba TnaFlix, dba TnaFlix.com and John Does )<br>1-100 and John Doe Companies 1 - 100 )<br>) | No. 11-cv-03005-MWB |

**PLAINTIFF'S RESPONSE TO YOUNGTEK SOLUTIONS, LTD.'S
STATEMENT OF MATERIAL UNDISPUTED FACTS
AND
PLAINTIFF'S STATEMENT OF FACTS IN OPPOSITION TO YOUNGTEK'S
MOTION FOR SUMMARY JUDGMENT**

_____

COMES NOW, Plaintiff Fraserside IP LLC, by and through its counsel, Chad Belville, and responds to the Statement of Material Undisputed Facts filed by Defendant Youngtek Solutions, Limited ("Youngtek"), and submits its Statement of Facts in Opposition to Youngtek's Motion for Summary Judgment.

**RESPONSE TO YOUNGTEK SOLUTIONS, LTD.'S
STATEMENT OF MATERIAL UNDISPUTED FACTS**

1.    Admitted.

2.    Admitted.

3.    Admitted.

1

4. Objection to relevance. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Denied. Youngtek hired an individual, David Sierra, in Florida, who performed development services for Defendant. Answers of Youngtek to Interrogatories, Int. No. 16 E.

9. Admitted.

10. Denied. Defendant maintains websites filled with advertisements that are directed at United States and Iowa residents.

11. Admitted.

12. Denied. See Statement of Facts below.

13. Admitted.

14. Denied. Defendant knew that somebody owned the trademarks and copyrights, and knew that both Private Media Group and Cine Craft were parts of an international group of companies, ultimately owned by a publicly traded Nevada corporation. See Statement of Facts below.

15. Denied. Defendant knew that somebody owned the trademarks and copyrights, and knew that both Private Media Group and Cine Craft were parts of an international group of companies, ultimately owned by a publicly traded Nevada corporation. See Statement of Facts below.

16. Denied. The transfer of ownership of copyrights and trademarks within the Private Media Group companies had not been published on the government website but the transfers had taken place. Plaintiff notes Defendant uses the limiting language of "as of the date this litigation was initiated". See Statement of Facts Below.

**PLAINTIFF'S STATEMENT OF FACTS IN OPPOSITION TO YOUNGTEK'S MOTION FOR SUMMARY JUDGMENT**

2

A. Plaintiff is the owner of copyrights in high quality brand driven adult motion picture films. Plaintiff is engaged in the business of producing, distributing, and/or licensing to others the rights to copy, distribute, transmit and exhibit those copyrighted films and/or other audio visual works. Plaintiff and/or its parent company expend significant amounts of time, money and other resources to produce high quality products, develop supply chains and distribution systems, and build premium brand recognition of their products. James Moran Declaration, Page 1.

B. Plaintiff is also the holder of certain Trademarks, including a depiction of two female silhouettes, the Private and Private Gold Labels and the Private Life of that have been actively promoted and marketed. As a result, the purchasing public has come to know, rely upon and recognize these marks as an international brand of high quality entertainment. James Moran Declaration, Page 2.

C. Plaintiff, either directly or through affiliates or licensees, distributes its copyrighted works in various forms, without limitation, over the Internet, pay-per-view, video on demand, DVD's, and other formats, by selling them directly or indirectly to the home viewing market or licensing others to do so and through Internet streaming and download services. James Moran Declaration, Page 2.

D. Defendant is the owner and operator of two websites, tnaflix.com and Empflix.com. Defendant's websites offer adult entertainment to users all over the world. Some 17 to 21 percent of their business is from United States residents. Users don't just view adult videos on the sites. Instead, they may upload their own videos, watch videos uploaded by others, download video and stream videos into their homes. Deposition of Arjan Wijnvween (Wijnvween Depo.), Session 3, page 1.

3

Case 3:11-cv-03005-MWB-LTS   Document 62-3   Filed 11/20/12   Page 3 of 6

E. Those videos, when uploaded go from the user to storage on the host site which is in the Netherlands. *Id*., p. 1 and p. 13. Empflix.com offered and TNAFlix.com still offers a premium membership whereby users can get additional benefits, including interacting with other users on Defendant's sites. Wijnvween Depo., Session 3, p. 4-7.

F. The user may buy premium memberships as follows: a 3-day trial premium of $1.00, 1-month premium at $29.99, and a 1-year premium for $87.49. Wijnvween Depo., Session 3, p. 8.

G. The site encourages users to "become part of our growing community", "join", and says that a user can get "thousands of DVD high quality streaming movies as downloads, thousands of new scenes, multiview player free, one pass for all our videos at no extra cost, what you see is what you get, download manager, and 100% confidential." *Id*.

H. After making payment, the user is then permitted to view premium content. *Id.* When a user purchases a premium membership at TNAFlix.com, he is purchasing it from TNAFlix.com, not a third party site. *Id*., p. 8.

I. Defendant targeted U.S. users for premium membership. Defendant sent e-mails to U.S. users about premium membership. *Id*. at p. 17.

J. The websites permit interaction between members of the site as well. A member may send a message to another member, who picks up the message when he logs into the site. All of these interactions happen entirely on the website. Wijnvween Depo., Session 2, p. 12.

K. Defendant's websites are offering, displaying and distributing Plaintiff's films to its Internet Users. James Moran Declaration, Page 2.

L. Defendant knows, or has reason to know, that there is no proper license or authority to display and distribute Plaintiff's films on Defendant's websites and no proper license or authority to obtain commercial financial gain from such display and distribution. Youngtek's Responses to Requests for Admission No. 16-159. Nevertheless, Defendant is distributing, showing and receiving Plaintiff's films without proper license, and infringing on Plaintiff's copyright. *Id.*

M. Defendant's websites have a great number of users from Iowa. Between February 17, 2009 and February 17, 2011, over Two Million Iowa based users visited the website TNAflix.com. In the same time period, 1,248,098 Iowa based users visited Defendant's website EMPFlix.com. TNAFlix Iowa traffic report; EMPFlix Iowa Traffic Report.

N. At least one Iowa resident has purchased a premium membership to Defendant's website.

O. In addition, Seventeen to Twenty-one percent of the traffic to Defendant's websites is from U.S. users. Alexa statistics page.

P. Further, Defendant hired an individual, David Sierra, in Florida, who performed services for Defendant. Youngtek's Answer to Interrogatory No. 16 E.

Q. Defendant asserts essentially that Plaintiff is a shell company only recently formed and designed to obtain jurisdiction in Iowa. This is not relevant and not true. Fraserside is a fully developed and operating entity. Fraserside is a member of the Northwood, Iowa Chamber of Commerce and participates in Chamber activities. The people working in Northwood are Northwood residents, and were previously unemployed. Fraserside is not just a legitimate Northwood, Iowa company, Fraserside is a good corporate neighbor. Declaration of Jason Tucker.

Date: November 20, 2012.                    Respectfully submitted,


                                            By:    /s/ Chad L. Belville
                                            Chad Belville, Attorney at Law
                                            Iowa Bar # 015731
                                            4742 North 24th Street Suite 315
                                            Phoenix, AZ 85016

                                            P.O. Box 17879
                                            Phoenix, AZ 85011
                                            Telephone: 602-904-5485
                                            FAX: 602-297-6953
                                            E-mail cbelville@azbar.org


                                            ATTORNEY FOR PLAINTIFF


**Certificate of Service**

I, Chad Belville, Attorney for Plaintiff, hereby certify that on November 20, 2012 a copy of this Response was served upon the Attorneys for Defendants, listed as Connie M. Alt, Jennifer Rinden, Valentin Gurvits, and Evan Fray-Witzer, through the Court's Electronic Case Filing System.


                        /s/ Chad L. Belville