UNITED STATES DISTRICT COURT IN AND FOR THE
NORTHERN DISTRICT OF IOWA, CENTRAL DIVISION

| | |
|---|---|
| Fraserside IP, LLC, ) | |
|        Plaintiff, ) | |
| v. ) | |
| ) | Docket No. 11-CV-03005-MWB |
| Youngtek Solutions, Limited, et al. ) | |
|        Defendants. ) | |
| ) | |

**DEFENDANT YOUNGTEK SOLUTIONS, LTD'S RESISTANCE TO PLAINTIFF'S RULE 56 MOTION TO DEFER CONSIDERATION OF MOTION FOR SUMMARY JUDGMENT AND <u>MOTION TO ALLOW ADDITIONAL DISCOVERY</u>**

*"This is not a three-card Monte game. This is not a shell game.
This is the law. This is a legal proceeding."*
                             *SEC v. Antar (In re Antar),* 71 F.3d 97, 100 (3d Cir. 1995)

\*\*\*

       Three Card Monte is a game of misdirection. The dealer deals what purports to be the Queen (but which is not), so that the "mark" will follow the wrong card. In the present case, the Plaintiff, Fraserside, IP, LLC ("Fraserside IP") appears to be playing its own version of Three Card Monte with this Court. Having asked this Court for additional time to conduct limited jurisdictional discovery so that it could respond to Youngtek's Motion for Summary Judgment – claiming that it needed such discovery so that it could demonstrate that Youngtek had sufficient minimum contacts with the state of Iowa to make an exercise of personal jurisdiction permissible – Fraserside IP now returns to argue: (1) that personal jurisdiction cannot be determined on a motion for summary judgment, and (2) that sufficient minimum contacts exist between Youngtek and the United States as a whole to support jurisdiction under Fed. R. Civ. P. 4(k)(2).

       However, as Youngtek's original brief, memorandum, and supporting documentation demonstrated and, indeed, as the jurisdictional discovery made clear, Fraserside IP never held any Queens. Its assertion of personal jurisdiction was a shell game from the start.

## Relevant Procedural Background

The present case is one of seventeen near-identical boilerplate complaints brought by Plaintiff Fraserside IP against defendants who are neither located in – nor have any connection to – this forum. In *this* case, the Defendant Youngtek is a Cyprus-based company without any ties to Iowa. Fraserside IP (itself a wholly-owned subsidiary of Cyprus-based Fraserside Holdings, Ltd.) initiated the present action on or about February 17, 2011. On August 2, 2011, Youngtek filed a motion to dismiss, based on multiple grounds including a lack of personal jurisdiction in Iowa over Youngtek, as well as questions concerning the ownership of the intellectual property at issue in this case. On December 2, 2011, and because the issue of ownership of the intellectual property would require consideration of documents outside of the complaint, the Court ordered the Motion to dismiss to be refiled as a motion for summary judgment. Because it determined that the personal jurisdiction arguments were dispositive, on April 19, 2012, Youngtek filed its Motion for Summary Judgment and supporting documentation, focusing on a single legal issue: this Court's lack of personal jurisdiction over Youngtek. On April 25, 2012, Fraserside IP moved for this Court to defer consideration of Youngtek's motion, pursuant to Fed. R. Civ. P. 56(d) arguing that it needed jurisdictional discovery to establish Youngtek's minimum contacts with the state of Iowa.

On July 16, 2012, this Court issued a 16 page opinion allowing in part and denying in part Fraserside IP's motion, finding that Fraserside IP was entitled to take *limited* jurisdictional discovery in support of its claim that Youngtek had minimum contacts with *Iowa.*

## Argument

### I. **A Dismissal By Any Other Name...**

In filing its Motion for Summary Judgment, Youngtek was following the specific directive of this Court instructing it that its motion to dismiss for lack of personal jurisdiction should be so-styled. In seeking additional time to conduct jurisdictional discovery to support its resistance, Fraserside IP

never suggested that this Court was wrong in its directive. It is only now that Fraserside IP takes issue with how the Court has asked Youngtek to frame its motion.

Fraserside IP's objection is sound and fury, signifying nothing. As a purely stylistic matter, Fraserside IP may be correct that the Court's dismissal of this matter is better viewed as a dismissal under Rule 12(b)(2) as opposed to under Rule 56. As a substantive matter, however, it will matter little. Although Fraserside IP asserts that the Court should apply the more lenient 12(b)(2) standard (understandable, since Fraserside IP found no evidence to support its claim of jurisdiction during jurisdictional discovery), it is incorrect on this front. In reviewing a Motion to Dismiss for lack of personal jurisdiction, where discovery has occurred and the parties submit affidavits and documents, the Court applies the summary judgment standard, not the motion to dismiss standard. *Robinson v. Western NIS Enterprise Fund*, 1999 U.S. Dist. LEXIS 23199, *6 (N.D. Iowa 1999)("Although this Court is treating the Fund's summary judgment motion as a motion to dismiss under Fed. R. Civ. P. 12(b)(2), the Eighth Circuit has held that where the Court considers affidavits, depositions, and other evidence outside the pleadings in ruling on a 12(b)(2) motion, the standards of Rule 56 apply") *citing Radaszewski by Radaszewski v. Telecom Corp.*, 981 F.2ed 305, 309-10 (8th Cir. 1992) *cert. denied* 508 U.S. 908 (1993).

As to whether the case is dismissed with or without prejudice, it will likely matter little. With respect to Iowa, the Court will have conclusively determined the lack of jurisdiction and, if the Court addresses Fraserside IP's eleventh-hour 4(k)(2) argument, the Court's dismissal there will have issue preclusion in any other U.S. Court, regardless of what rule the Court issues its dismissal under.

II.     **Fraserside IP Has Been Wholly Unable To Assert Facts Upon Which Personal Jurisdiction May Be Found Under Iowa's Long Arm Statute.**

Without a single citation to the record, Fraserside IP asserts that Youngtek "has a substantial number of Iowa users, who are buying memberships, engaging with the website, and transmitting credit card information as compensation for access to computer files that reside on the host computer operated by Defendant, as well as uploading their own videos to the host computer." Resistance, pp. 7-8. The

3

lack of record support is not surprising. The record contains not a single fact which would suggest that *any* Iowa user uploaded or downloaded content from Youngtek's websites and – more importantly for specific jurisdiction purposes – that any Iowa user uploaded, downloaded, or viewed any of Fraserside IP's content. Indeed, the record reveals that there was *a single individual from Iowa, who purchased a three-day membership to Youngtek's websites for a grand total of one dollar. See* **Exhibit 1**; Wijnvween Depo., Session 3, p. 8. The record also demonstrates that Iowa visits to Youngtek's websites accounted for between 0.13 and 0.17 percent of all traffic to those websites.[1] *See* **Exhibits 2 and 3**; Wijnvween Depo., Session 3, p. 11.[2] Again, there is no evidence whatsoever that any of those visitors uploaded, downloaded, or viewed any of Fraserside IP's content.

Such *de minimus* contacts with Iowa do nothing to bolster Fraserside IP's claim of personal jurisdiction over Youngtek in Iowa and, accordingly, the action must be dismissed.

### III. Fraserside IP Has Been Wholly Unable To Assert Facts Upon Which Personal Jurisdiction May Be Found Under Fed. R. Civ. P. 4(k)(2).

Fraserside's purported evidence of contacts with the United States falls far short of that necessary to establish personal jurisdiction over Youngtek under Rule 4(k)(2). First, Fraserside claims that, at one point in time, Youngtek had an employee in the United States. This is patently false. *See* Affidavit of Dave Sierra, Docket No. 50-6. In 2009, Mr. Sierra performed a few hours of services for Youngtek as an independent contractor, for which he received less than $2,000 for his efforts. *Id.* Even if significant (which it is not), there is no allegation that such services relate in any way to Fraserside IP's claims and, as such, this fact has no bearing on a finding of specific jurisdiction.[3]

Similarly unavailing is Fraserside IP's attempts to rely on its assertion that "17 to 20 percent of its visitors are U.S. residents." Resistance, p. 16. Preliminarily, Fraserside IP's only support for this assertion is an unauthenticated screenshot from a website, which would be inadmissible at trial and, as

---

[1] It is entirely possibly that a single visitor could be responsible for hundreds or thousands of page views (or visits).
[2] Exhibits 1-3 were all produced by Youngtek during discovery and were submitted by Fraserside IP as part of its Reistance. The Exhibits are attached here for the Court's convenience.
[3] To the contrary, all record evidence demonstrates that Youngtek has never had an employee within the United States. *See, e.g.,* Youngtek's Answers to Interrogatories, provided by Fraserside IP as a document to be filed under seal.

4

such, cannot be considered here.[4] Even if the Court *could* consider this assertion, this Court has rejected as insufficient an identical assertion made by Fraserside IP in an identical case. *Fraserside IP L.L.C. v. Hammy Media, LTD*, 2012 U.S. Dist. LEXIS 5359 (N.D. Iowa Jan. 17, 2012)(dismissing for lack of personal jurisdiction despite allegation that 20 percent of defendant's web traffic came from the United States). Moreover, Fraserside IP fails to close the loop for an assertion of specific jurisdiction: it provides no evidence whatsoever that anyone within the United States uploaded, downloaded, or viewed any of its content. Nor has Fraserside IP provided any evidence that Youngtek made any money within the United States (from premium memberships or otherwise) in connection with any alleged infringement of Fraserside IP's works (or otherwise).

Finally, Fraserside IP's assertion, without citation, that Youngtek registered the domains through Namecheap, a California registrar (an allegation also made – and found to be insufficient - in the *xHammy* case) is both incorrect (*see, e.g.,* Docket No. 14, p. 7 in which Fraserside IP *correctly* states that the domains at issue were registered through German registrar Key-Systems, GmbH) and legally irrelevant. *See Graduate Mgmt. Admission Council v. Raju*, 241 F. Supp. 2d 589, 595 (E.D. Va. 2003)("First, mere registration of the domain name with a company located in Virginia does not support personal jurisdiction in this state"); *America Online, Inc. v. Huang*, 106 F. Supp. 2d 848, 856-857 (E.D. Va. 2000)(registering a domain name does not subject defendant to personal jurisdiction where the registrar is located).

---

[4] "Rule 901 of the Federal Rules of Evidence requires authentication of evidence "as a condition precedent to admissibility." Fed. R. Evid. 901. *St. Luke's Cataract & Laser Inst., P.A. v. Sanderson*, 2006 U.S. Dist. LEXIS 28873 (M.D. Fla. 2006)("To authenticate printouts from a website, the party proffering the evidence must produce some statement or affidavit from someone with knowledge [of.the website] . . . for example [a] web master or someone else with personal knowledge would be sufficient. ...In order to satisfy the requirement of Fed. R. Evid. 901, that is, to show that the printouts from Internet Archive are <u>accurate</u> representations of the laserspecialist.com and lasereyelid.com websites on various dates since 2000, Plaintiff must provide the Court with a statement or affidavit from an Internet Archive representative with *personal knowledge* of the contents of the Internet Archive website.") *See also Sklar v. Clough*, 2007 U.S. Dist. LEXIS 49248, 14-15 (N.D. Ga. 2007)("Defendants are correct that courts are hesitant to accept mere printouts from web sites with no foundation or authentication as to its origins*"); In re Homestore.com, Inc. Securities Litigation*, 347 F. Supp. 2d 769 (C.D. Cal. 2004) ("Printouts from a web site do not bear the indicia of reliability demanded for other self-authenticating documents under Fed. R. Evid. 902. To be authenticated, some statement or affidavit from someone with knowledge is required . . .").

**Conclusion**

Because Fraserside IP has not even come remotely close to demonstrating the minimum contacts required to establish personal jurisdiction over Youngtek in either Iowa or the United States as a whole, consistent with the requirements of the Due Process Clause of the United States Constitution, Fraserside IP's complaint must be dismissed in its entirety.

Respectfully submitted,
Youngtek Solutions, Ltd.
By its attorneys,

/s/Evan Fray-Witzer
Evan Fray-Witzer, *pro hac vice*
Ciampa Fray-Witzer, LLP
20 Park Plaza, Suite 804
Boston, MA 02116
(617) 723-5630
Evan@CFWLegal.com

/s/Valentin Gurvits
Valentin Gurvits, *pro hac vice*
Boston Law Group, PC
825 Beacon Street, Suite 20
Newton, MA 02459
 (617) 928-1804
vgurvits@bostonlawgroup.com


/s/Jennifer E. Rinden
Connie Alt                 AT0000497
Jennifer E. Rinden     AT0006606
        for
SHUTTLEWORTH & INGERSOLL, P.C.
500 US Bank Bldg., P.O. Box 2107
Cedar Rapids, IA 52406
PHONE:       (319) 365-9461
FAX:             (319) 365-8564
jer@shuttleworthlaw.com

ECF CERTIFICATE OF SERVICE

I, Evan Fray-Witzer, hereby certify that on December 5, 2012, a copy of the above document was served on Chad Bellville, attorney for the plaintiff, through the Court's ECF system in accordance with FRCP 5.

/s/ Evan Fray-Witzer