UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

|  |  |  |
|---|---|---|
| Fraserside IP, LLC, | ) | |
|     Plaintiff, | ) | |
| v. | ) | |
|  | ) | |
| Youngtek Solutions, Limited, d/b/a | ) | Docket No. 11-CV-03005-MWB |
| Empflix, d/b/a www.empflix.com, dba | ) | |
| TNAFlix.com and www.tnaflix.com, | ) | |
| John Does 1-100 and John Doe | ) | |
| Companies 1-100, | ) | |
|     Defendants. | ) | |
|  | ) | |

**DEFENDANT YOUNGTEK SOLUTIONS, LTD.'S RESPONSE TO PLAINTIFF'S STATEMENT OF FACTS IN OPPOSITION TO YOUNGTEK'S <u>MOTION FOR SUMMARY JUDGMENT</u>**

Pursuant to Local Rule 56(a)(3), defendant Youngtek Solutions, Ltd. ("Youngtek") respectfully submits the following response to Plaintiff Fraserside IP, LLC's ("Fraserside IP") Statement of Facts In Opposition to Youngtek's Motion for Summary Judgment.

<u>RESPONSE TO PLAINTIFF'S STATEMENT OF FACTS</u>

A. Denied. In further responding, Youngtek states that Fraserside IP continues to assert facts allegedly concerning the "Plaintiff," when, in reality, Fraserside IP is referring to Fraserside IP AND its parent and sister corporations, which are not party to this litigation. For example, Fraserside IP does not itself produce or distribute films, although its parent or sister companies may do so. Nevertheless, and for the purposes of this motion only, Youngtek is willing to consider this paragraph as "admitted" inasmuch as the determination of this fact is not material to the sole question at hand, whether the Court has personal jurisdiction over Youngtek.

B. Denied. Fraserside IP has presented no evidence (much less admissible evidence) that "the purchasing public has come to know, rely upon, and recognize these marks as an international brand of high quality entertainment." Nevertheless, and for the purposes of this motion only, Youngtek is willing to consider this paragraph as "admitted" inasmuch as the determination of this fact is not material to the sole question at hand, whether the Court has personal jurisdiction over Youngtek.

C. Denied. In further responding, Youngtek states that Fraserside IP continues to assert facts allegedly concerning the "Plaintiff," when, in reality, Fraserside IP is referring to Fraserside IP AND its parent and sister corporations, which are not party to this litigation. Nevertheless, and for the purposes of this motion only, Youngtek is willing to consider this paragraph as "admitted" inasmuch as the determination of this fact is not material to the sole question at hand, whether the Court has personal jurisdiction over Youngtek.

D. Youngtek admits that it owns and operates tnaflix.com and empflix.com. Youngtek admits also that its websites offer adult entertainment to users all over the world. Youngtek denies that "17 to 21 percent of their business is from United States residents." Despite identifying the Deposition of Arjan Wijnvween as the source of this factual assertion, no such testimony appears in the Deposition Transcript.[1] To the contrary, Mr. Wijnvween testified that he did not know how many visitors to the websites were from the United States. Wijnvween Depo., Session 3, pp. 16-17. Mr. Wijnvween did, however, testify that the traffic to tnaflix.com and empflix.com originating from Iowa totaled between 0.13% and 0.15% of the websites' total visitors. *Id.* at p. 11. As provided to Fraserside IP in Youngtek's Response to Fraserside's

---

[1] Fraserside IP did not engage a stenographer for Mr. Wijnvween's deposition, choosing instead to record his testimony through plaintiff's counsel's computer. Fraserside IP has produced a transcript of sorts by an individual identified only as "Trisha Haynes," who does not appear to be a licensed stenographer. Nevertheless, for the purposes of this Motion only, Youngtek will accept the validity of the transcript provided to the Court.

Requests for Production, the analytics data shows that only 0.14% of all visits to empflix.com and 0.17% of all visits to tnaflix.com between February 17, 2009 and February 17, 2011 were from Iowa.  TNAFlix Iowa traffic report, EMPFlix Iowa Traffic Report.  Youngtek admits also that visitors to the two websites can upload, download, and watch movies.

  E. Youngtek admits that videos, when uploaded, go from the user to storage at the hosting provider in the Netherlands.  Youngtek admits that Empflix.com offered a premium membership, but desnies that TNAFlix.com still offers a premium membership.  Wijnvween Depo., Session 3, p. 6-7.  Youngtek admits that members could interact with other users on Youngtek's sites.

  F. Youngtek denies that users "may" buy premium memberships because Youngtek no longer offers premium memberships on Empflix.com and TNAFlix.com.  However, Youngtek admits that when Youngtek did offer premium memberships users could buy memberships as stated.

  G. Youngtek admits that the websites stated that users could "become part of our growing community," and that they could get "thousands of DVD high quality streaming movies as downloads . . . ."  However, these statements on the website did not accurately reflect the benefits that were actually offered to premium members, but instead overstated the benefits.  Wijnvween Depo., Session 3, p. 8.

  H. Youngtek admits that after making payment for a premium membership the user was permitted to view premium content.  Youngtek denies that "[w]hen a user purchases a premium membership at TNAFlix.com, he is purchasing it from TNAFlix.com" because TNAFlix.com no longer itself offers a premium membership.  *Id.*, pp. 6-7.

3

I. Youngtek denies that it targeted U.S. users for premium membership. On the contrary, Mr. Wijnvween testified only that Youngtek sent e-mails about premium memberships to individual who were already premium members. *Id.*, p. 17. The individuals who received these emails therefore could not be "targeted" for premium memberships because they were already premium members.

J. Admitted.

K. Youngtek denies that "offers, displays, or distributes Plaintiff's films." In further responding, Youngtek states that Fraserside IP continues to assert facts allegedly concerning the "Plaintiff," when, in reality, Fraserside IP is referring to Fraserside IP AND its parent and sister corporations, which are not party to this litigation. For example, Fraserside IP does not itself produce or distribute films, although its parent or sister companies may do so.

L. Youngtek denies that it knew or had reason to know that there was no proper license or authority to display or distribute Plaintiff's films on its websites or that proper license or authority to obtain commercial financial gain from such display and distribution. To the contrary, Youngtek simply stated that Youngtek did not have such licenses or authorities. Youngtek's Responses to Requests for Admission No. 16-159. Youngtek did not know and could not know whether such films required any such license or authority. Youngtek denies that it infringed on Plaintiff's copyright. In further responding, Youngtek states that Fraserside IP continues to assert facts allegedly concerning the "Plaintiff," when, in reality, Fraserside IP is referring to Fraserside IP AND its parent and sister corporations, which are not party to this litigation. For example, Fraserside IP does not itself produce or distribute films, although its parent or sister companies may do so.

M. Youngtek denies that it had a "great number" of users from Iowa. Only 0.14% of all visits to empflix.com and 0.17% of all visits to tnaflix.com between February 17, 2009 and February 17, 2011 were from Iowa. TNAFlix Iowa traffic report, EMPFlix Iowa Traffic Report. Youngtek denies that over Two Million Iowa based users visits TNAFlix.com and that 1,248,098 Iowa based users visited EMPFlix.com. Those numbers represent only the number of *visits* to those websites during a two year time period. It is possible for any single visitor to make hundreds (or even thousands) of visits to the websites in that time period.

N. Youngtek admits that one person with an IP address that would indicate residence in Iowa purchased a three-day membership for one dollar.

O. Youngtek denies. Alexa does not give an authentic or accurate representation of visitors. The Alexa statistics page is inadmissible hearsay as it is not authenticated in any manner.

P. Youngtek admits that David Sierra performed limited services for Youngtek as an independent contractor for a few months in 2009 and, as a result of the provision of such services, earned less than $2,000.

Q. Youngtek admits that it has asserted and continues to assert that Fraserside IP is a shell company only recently formed and designed to obtain jurisdiction in Iowa. In all other respects, Youngtek denies the factual assertions of this paragraph. In addition, Youngtek notes that the Affidavit of Jason Tucker (Docket No. 62-2), cited in support of the allegations contained in this paragraph, does not, in any way, support the factual allegations contained in this paragraph.

Respectfully submitted,
Youngtek Solutions, Ltd.
By its attorneys,

/s/Evan Fray-Witzer
Evan Fray-Witzer, *pro hac vice*
Ciampa Fray-Witzer, LLP
20 Park Plaza, Suite 804
Boston, MA 02116
(617) 723-5630
Evan@CFWLegal.com

/s/Valentin Gurvits
Valentin Gurvits, *pro hac vice*
Boston Law Group, PC
825 Beacon Street, Suite 20
Newton, MA 02459
 (617) 928-1804
vgurvits@bostonlawgroup.com

/s/Jennifer E. Rinden
Connie AltAT0000497
Jennifer E. RindenAT0006606
for
SHUTTLEWORTH & INGERSOLL, P.C.
500 US Bank Bldg., P.O. Box 2107
Cedar Rapids, IA 52406
PHONE:(319) 365-9461
FAX:(319) 365-8564
jer@shuttleworthlaw.com

ECF CERTIFICATE OF SERVICE

I, Evan Fray-Witzer, hereby certify that on December 5, 2012, a copy of the above document was served on Chad Bellville, attorney for the plaintiff, through the Court's ECF system in accordance with FRCP 5.

/s/ Evan Fray-Witzer